**Jake COLIN, Plaintiff,**

v.

**Guy A. THOMPSON, Trustee of Missouri Pacific Railroad Company, a corporation, Defendant.**

**Civ. No. 1041.**

United States District Court
W. D. Missouri,
Southwestern Division.

Oct. 1, 1954.

Charles M. Cook, Carthage, Mo., for plaintiff.

Harold L. Harvey, St. Louis, Mo., McReynolds, Flanigan & Flanigan, Carthage, Mo., for defendant.

WHITTAKER, District Judge.

This action, one in negligence seeking damages for a bodily injury, is now before me upon defendant's motion to require plaintiff to sign his deposition, as originally given, or to submit to further examination at his costs, and to extend defendant's time to plead until plaintiff's deposition be finalized.

It appears that counsel for defendant took plaintiff's deposition in this cause, before a notary who was also the reporter, on September 8, 1954; that in due course the deposition was transcribed, but the original, instead of being retained by the notary-reporter for signature by the witness, was delivered to the plaintiff who took it to the office of his attorney and there made material changes, starting at page 74, resulting in the conversion of affirmative answers to negative ones and vice versa, and, in numerous instances, deleting the answer entirely, and he there signed the deposition as altered and acknowledged it before a notary, who was

his counsel, instead of requesting the notary-reporter, before whom the deposition was taken, to make the desired changes and stating to that notary reporter his reasons for the changes, as contemplated by Rule 30(e) of Federal Rules of Civil Procedure, 28 U.S.C.A., and the result is to destroy the usefulness of that part of the deposition following page 74, De Seversky v. Republic Aviation Corp., D.C., 2 F.R.D. 113–115.

██ There is no doubt of the right of the witness—the plaintiff—to change either the "form or substance" of his answers given in his deposition, provided he complies with sub-section (e) of Rule 30 by stating to the notary-reporter his reasons for those changes. Under the rule mentioned, changes in a deposition can validly be made only in that way. It, thus, follows that plaintiff must comply with that rule; that is to say, he must appear before the notary and request such changes in the "form or substance" of his answers as he desires made and must state his reasons for the changes. Whether his reasons are good or not will not impair his right to make the changes, if made in the way stated in Rule 30(e), but if those changes, when made, destroy the usefulness of the deposition (as those heretofore improperly made do), then the deposition will not have been finalized, and the plaintiff will be subject to further examination.

██ I am, therefore, of the opinion that so much of defendant's motion as seeks to require the plaintiff to appear before the notary-reporter and request such changes in his answers in the deposition as he desires made, and to state his reasons therefor, is well taken and should be sustained, and, if he then and there seeks to make the same changes or substantially the same changes as he has heretofore improperly made on the original of the deposition, such would be to destroy the usefulness of that part of the examination beginning with page 74, and defendant would therefore be entitled to further examine the plaintiff on those

matters, and, moreover, I believe that the reporting and transcription costs of such further examination, if necessary, should be imposed upon the plaintiff, whose improper acts will have resulted in those costs. But I do not believe that defendant's time to answer or otherwise plead in the cause should be deferred until the plaintiff's deposition is finalized.

It is so ordered.