**Knut ERSTAD**

v.

**CURTIS BAY TOWING COMPANY, Defendant and Third-Party Plaintiff,**

v.

**A/S J. LUDWIG MOWINCKELS REDERI, Third-Party Defendant.**

Civ. No. 12153.

United States District Court
D. Maryland.

Oct. 27, 1961.

Charles G. Page and John H. Skeen, Jr., Baltimore, Md., for plaintiff.

Robert E. Coughlan, Jr., Baltimore, Md., for defendant and third-party plaintiff.

Southgate L. Morison, Baltimore, Md., for third-party defendant.

THOMSEN, Chief Judge.

In this tort action the deposition of plaintiff upon oral examination was taken at the instance of defendant before a notary-reporter; the testimony has been fully transcribed, but plaintiff has refused to sign the deposition unless and until his counsel has "had an opportunity to review the deposition and to call to his client's attention any matters which the attorney feels that the client has misunderstood or that the attorney feels was a stenographic error".

Defendant contends that plaintiff's attorney has no right to review the deposition and to suggest changes in the absence of a reporter and of defendant's attorney, and has moved for an order requiring plaintiff to sign the deposition.

The pertinent part of Rule 30(e), F.R. Civ.P., 28 U.S.C.A., reads as follows:

"(e) *Submission to Witness; Changes; Signing.* When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such exam-

ination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. * * * "

Plaintiff agrees that he may not change the deposition himself, and that he must go before the notary-reporter and comply with the second sentence of Rule 30 (e), quoted above. See Colin v. Thompson, W.D.Mo., 16 F.R.D. 194, Whittaker, D. J.; Owrutsky v. Kobsa, Super.Ct. of Baltimore City, Manley J., Daily Record, March 19, 1959. The disputed question is whether plaintiff has the right to consult with his counsel privately before stating to the officer the changes which he desires to make and the reasons therefor. Defendant concedes that if such a private conference is permitted, it is immaterial whether it is held in the office of the notary-reporter or in the office of plaintiff's counsel.

Usually, in this State and District, the signing of a deposition is waived by the witness and by the parties. Where it is not so waived, the practice is not uniform. In many, if not most, instances, however, with or without formal agreement of counsel, the reporter sends copies of the deposition to counsel for all parties who have ordered copies, and counsel has an opportunity for a private conference with the deponent before the deponent states the changes which he desires to make.

There is force in defendant's argument that the situation is analogous to that of a witness on the stand whose testimony has not been completed. Nevertheless, as a general rule this court approves the practice of permitting all counsel to have a copy of the deposition and of permitting any of them to have a private conference with the deponent before he states any changes which he may desire to make. In many instances counsel would be able to discover obvious or latent errors in the reporting which the deponent might not have the ability to discover. If in any case a party believes that an exception should be made to this general rule, he may move for a protective order.

Counsel for all parties have a right to be present at the time a deponent states to the notary or other officer the changes which he desires to make. Such changes may call for further questioning of deponent at that time, or the continuation of the deposition to some future date. See DeSeversky v. Republic Aviation Corporation, 2 F.R.D. 113; Colin v. Thompson, supra; Owrutsky v. Kobsa, supra. Counsel have the right to inquire, of record and under oath, as to the reasons for any change, and whether such changes originated with the deponent or with the attorney.

Order

Defendant's motion is hereby denied.