**ALLEN & COMPANY, Plaintiff,**

v.

**OCCIDENTAL PETROLEUM CORPORATION, Defendant.**

**No. 67–Civ. 4011.**

United States District Court,
S. D. New York.

Jan. 5, 1970.

338

Pollack, Greenspoon & Singer, New York City, for plaintiff; by Samuel N. Greenspoon, New York City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant; by Louis Nizer, Neil A. Pollio, New York City, of counsel.

CROAKE, District Judge.

### MEMORANDUM

This is an action by plaintiff Allen & Company alleging defendant Occidental Petroleum Corporation's breach of an agreement with plaintiff forming a joint venture for the engagement in oil concessions in the Kingdom of Libya, and providing for plaintiff's making available the services of Mr. Ferdinand Galic for assistance in implementing said joint venture agreement.

The deposition of plaintiff's witness, Mr. Galic, was taken in New York by the parties from July 7 to July 14, 1969. The final product consisted of twelve volumes totaling 1200 pages. The witness was given the transcript for his reading on July 15 but did not, however, sign the transcript until shortly before October 24, 1969.

Defendant now asserts that the witness, Mr. Galic, improperly made changes in the transcript of his deposition before signing it. The alleged impropriety consisted of making material changes in the testimony in the absence of defendant's counsel and without their knowledge or consent and without affording them opportunity for further cross-examination. Accordingly, defendant now moves for an order, pursuant to Rules 30(e) and 32(d) of the Federal Rules of Civil Procedure, suppressing all the changes made by both the witness and others on the original pages of the said deposition, and directing that the plaintiff either file a new transcript of said deposition without such changes or else produce the witness in New York for the purpose of stating under oath in the presence of defendant's counsel each of the changes he intends to make in his deposition and the reasons for each such change and submitting to further cross-examination by defendant's counsel with regard to such changes; and for such other and further relief as to the Court may seem just and proper.

In support of its motion, defendant asserts that 377 changes were made on the face of the transcript of Mr. Galic's deposition in the absence of defendant and its counsel and without their knowledge or consent. Defendant indicates that the witness annexed 12 pages of corrections and changes at the end of his deposition listing the page and line number of each change but not setting forth the nature of such changes. Defendant asserts that there were 219 of these changes, so indicated, of which 73 were material changes of substance made on the face of the deposition and requiring further cross-examination of the deponent by defendant. Defendant further asserts that with only several exceptions, the deponent failed to state his reasons for the changes made. Defendant dismisses deponent's blanket explanation that unless otherwise noted the "changes are made to correct typographical errors or to clarify the answer so that it is comprehensible" as "not only patently insufficient but absolutely false." Defendant further asserts that the transcript reveals 158 changes, out of the asserted total of 377, which have neither been initialed by nor referred to by the witness in any of the 12 pages of corrections or changes annexed to his deposition. Defendant argues that since these changes in part also constitute material changes of substance, it has the right to further cross-examine deponent relative to these changes.

In opposition to the motion, plaintiff asserts that the requirements of Rule 30(e) were fully complied with by deponent in making his changes in the transcript. Samuel N. Greenspoon, Esq., counsel for plaintiff, asserts in his affidavit the following:

"In this case the notary public before whom the deposition was taken was Mr. David J. Feldman. Since defendant's counsel refused to agree to

the usual stipulation, to wit, that the deposition could be signed and sworn to before any notary public, under the Rules the deposition had to be signed and sworn to before Mr. Feldman.

Accordingly, the witness went to Mr. Feldman's office, stated the changes he had made, and stated the reasons for each change. The reasons were in typewritten form and were annexed to the deposition and were separately sworn to." (Affidavit p. 7.)

In explanation of the numerous typographical and stylistic changes that were made, Mr. Greenspoon points out that the witness is a European who experiences difficulty with the English language.

This Court has carefully reviewed the motion papers and supporting affidavits and memoranda submitted by the parties. After extensive deliberation, we have concluded that defendant's motion is without merit.

Rule 30(e) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them."

■ First of all, we note that the Rule places no limitations on the type of changes that may be made by a witness before signing this deposition. The cases construing the Rule are clear that the witness may make changes of any nature, no matter how fundamental or substantial. *See, e.g.,* Colin v. Thompson, 16 F.R.D. 194 (W.D.Mo. 1954). Moreover, there is no requirement articulated in the Rule that the opposing party or counsel thereof have a right to be present when the witness states to the officer the changes he wishes to make and the reasons therefor. There is, as defendant argues, a case in which the Court in dictum indicated that counsel do have such a right to be present. Erstad v. Curtis Bay Towing Co., 28 F.R. D. 583 (D.Md. 1961). However, we are not convinced that that case expresses the law on the point, especially in view of the failure of Rule 30(e) expressly to accord this right. Nor do we see, nor has there been advanced to us, any policy reason why defendant and its counsel should have a right to be present when the changes of the witness' testimony are indicated to the notary. Any right to cross-examine which defendant may have subsequent to the changes can be fully exercised at such a time regardless of whether counsel were present at the time of the actual articulation and explanation of the changes. In addition, defendant argues that the changes themselves have to be made at the end of the transcript and not on the original pages. There is no support for this position. The words of the Rule are that the changes shall be entered "upon the deposition." There is a requirement that the changes not delete the original testimony, since both are admissible at trial. Usiak v. New York Tank Barge Co., 299 F.2d 808 (2d Cir. 1962). In the instant case, however, the changes were made so as not to render unreadable the original testimony. (See Affidavit of Samuel N. Greenspoon, Esq., counsel for plaintiff, at p. 10.)

■ There is support in the language of Rule 30(e) for defendant's position that the witness' changes in his testimony are to be entered on the deposition "by the officer." However, this Court is not prone or sympathetic to an overly technical interpretation of the Rules when there has been substantial compliance therewith and there are no significant policy objectives to be served

by such an interpretation. The Rules are to be liberally construed. Here the witness appeared before the notary before whom the deposition had been taken, stated the changes he had made, initialed them, and gave the reasons for the changes. He then swore to his changes and the reasons therefor. Under these circumstances, we find that Rule 30(e) has been adequately complied with. We do not, of course, intimate any opinion as to the validity or persuasiveness of the reasons the witness gave for his changes.

Thus, we have concluded that the witness properly made the changes in his transcript. We come next to the question of whether the changes made in the testimony were so substantial as to cause the deposition to become incomplete or useless without further testimony, such that defendant now has a right to reopen the deposition and further cross-examine the witness. De Seversky v. Republic Aviation Corp., 2 F.R.D. 113 (E.D.N.Y. 1941).

Of the 377 changes made in the witness' testimony, defendant has abstracted 5 as "indicative of the type of all the other changes made by the witness and others in his deposition in our absence." (Affidavit of Neil A. Pollio, Esq., counsel for defendant, at p. 8.) We will consider these changes to determine whether they warrant re-opening the deposition and allowing further cross-examination of the witness.

 In the first of these changes defendant singles out, the original testimony read as follows:

"Q. Do you know on February 19th or 20th where Kabazi was?

"A. 19th?

"Q. February 19th, 18th, 19th, 20th?

"A. I think he was in where, Beida."

The witness changed "in where, Beida" to "in Tripoli or Beida." Defendant has failed to show that this change was so direct a contradiction of prior testimony on a vital point as to warrant further cross-examination.

 Each of the other four changes singled out by defendant as typical involved the witness' changing his testimony in one place so as to be consistent with his testimony at another place in the same deposition. Clearly, in changes of this kind, defendant has already had an opportunity to cross-examine the witness on both the original answer and the answer as changed, such that further cross-examination is not called for. Of course, as indicated *supra*, both versions of the witness' testimony are admissible at trial.

Thus, we conclude from the changes made by the witness and pointed out to the Court by defendant as typical that no grounds are presented calling for further cross-examination.

 One last point relates to the 158 changes made in the transcript that were neither initialed by nor referred to by the witness in any of the 12 pages of corrections or changes annexed to his deposition. Samuel N. Greenspoon, Esq., counsel for plaintiff, indicates in his Affidavit, p. 1, that these changes were made by the reporter. He indicates that they resulted from the following circumstances:

"Defendant's counsel wanted to get immediate or daily copy, the reporter said that he would not have an opportunity to read the copy before it was delivered and that accordingly he would read the copy after it was delivered and make the various changes which resulted from typographical errors of the staff. Defendant's counsel agreed to this procedure since defendant's counsel wanted immediate copy. Accordingly, these changes were made by the reporter pursuant to the understanding that the copy would be delivered unread by the reporter just as it came from the typewriter and that it would be subsequently read and corrected by the reporter." pp. 1–2.

Defendant does not controvert this and, in fact, seems to concede that the changes were not made by the witness Galic. (See Defendant's Memorandum p. 3.) Accordingly, defendant presents no grounds under Rule 30(e) of the Federal Rules of Civil Procedure for the relief sought. Moreover, defendant has failed to point to any of these reporter's changes as material or substantial, or as in fact more than merely typographic or stylistic. Accordingly, defendant fails to state grounds under Rule 32(d) for the relief sought.

In conclusion, defendant's motion is denied in whole.

So ordered.