**Douglas R. LUGTIG, Plaintiff,**

v.

**William J. THOMAS and Buttermaid Bakeries, Division Ward Foods, Inc., a corporation, Defendants.**

No. 80 C 408.

United States District Court, N. D. Illinois, E. D.

April 2, 1981.

---

John H. Bickley, Jr., Chicago, Ill., for plaintiff.

James F. McCluskey, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

This suit is a diversity action arising out of a motor vehicle accident in which plaintiff suffered injuries allegedly caused by defendants. During discovery, plaintiff's counsel deposed one of the defendants, William J. Thomas; signature was reserved. After the transcription of his testimony was submitted to him, Thomas, after consultation with counsel, made sixty-nine changes in the deposition before signing the signature page. The changes were substantive not corrections of typographical or transcription errors. In thirty instances, when Thomas had originally given answers, he retracted those responses and instead stated that he either did not know the answer, did not remember, or did not understand the question. At other points, an answer of "yes" was changed to "no" or an answer of "no" was changed to "yes." In other alterations, Thomas changed the figures given in the original answers: an answer of 6 feet, for example, was changed to read 8 to 10 feet; an answer of 3 minutes was changed to 10–20 seconds. The deposition answers were consistent with each other even before the changes were made. The changes were not made on the deposition itself but on correction sheets provided by the court reporter. Thomas did not give a reason for each change; it was merely recorded on the last page of the corrections that "Mr. Thomas' reasons for changing these answers are he didn't understand the question or was confused at the time of answering." Plaintiff has filed a motion objecting to the changes.

 Rule 30(e) of the Federal Rules of Civil Procedure allows deponents to make "[a]ny changes in form or substance which the witness desires . . .," even if the changes contradict the original answers or even if the deponent's reasons for making the changes are unconvincing. See, e. g., *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. 337 (S.D.N.Y.1970); *Colin v. Thompson,* 16 F.R.D. 194 (W.D.Mo.1954); 4A Moore's Federal Practice, ¶ 30.62; Wright & Miller, Federal Practice and Pro-

cedure, § 2118. The language of the Rule places no limitations on the type of changes that may be made by a witness before signing his deposition. *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. at 340, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes. Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure. Plaintiff's objections to the changes made by Thomas are inconsistent with Rule 30(e), and, therefore, we overrule those objections.

 If the defendant wishes to invoke the privilege accorded deponents by Rule 30(e), however, he must comply with the instructions which the Rule gives for making changes in deposition testimony. The Rule states that changes "shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them." In this case, the changes were made on correction sheets appended to the transcript, not on the original deposition, and by the witness, not the court reporter. Furthermore, the general conclusory reasons given for all the changes at the end thereof are not sufficient; after each change, the deponent must state the specific reason for that particular change. The deposition must be amended at defendant's expense so that the original answer, the changed answer, and the reason for the change will appear after every question affected by the changes.

 The original answer to the deposition questions will remain part of the record and can be read at the trial. *Usiak v. New York Tank Barge Co.,* 299 F.2d 808 (2d Cir. 1962); *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. 337 (S.D.N.Y.1970); 4A Moore's Federal Practice, ¶ 30.62. *Cf. DeSeversky v. Republic Aviation Corp.,* 2 F.R.D. 113 (E.D.N.Y.1941) (new answers are to be "substituted" for the answers already given). Nothing in the language of Rule

30(e) requires or implies that the original answers are to be stricken when changes are made. In fact, the Rule's instruction that the changes be made "upon the deposition" implies that the original answers will remain. Policy also supports that conclusion.

> The witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony. There is no apparent reason why the witness who changes his mind between the giving of the deposition and its transcription should stand in any better case. (Wright & Miller, Federal Practice & Procedure, § 2118)

The Rule is less likely to be abused if the deponent knows that all the circumstances—the original answers as well as the changes and the reasons—will be subject to examination by the trier of fact.

 Furthermore, if changes made in the deposition pursuant to Rule 30(e) make the deposition incomplete or useless without further testimony, the party who took the deposition can reopen the examination. *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337 (S.D.N.Y.1970); *Colin v. Thompson*, 16 F.R.D. 194 (W.D.Mo.1954). Deposing counsel can ask questions which were made necessary by the changed answers, questions about the reasons the changes were made, and questions about where the changes originated, whether with the deponent or with his attorney. *Erstad v. Curtis Bay Towing Co.*, 28 F.R.D. 583 (D.Md.1961). The number and type of changes made by the defendant-deponent in this case justify allowing plaintiff to reopen the deposition if he wishes. *Cf. Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337 (S.D.N.Y. 1970) (no re-examination granted where changes were made to make testimony at one place in the deposition consistent with testimony at another). Since it is defendant's actions which necessitate reopening the examination of defendant, the costs and attorneys fees connected with the continued deposition will be borne by defendant. *Colin v. Thompson*, 16 F.R.D. at 195.

For the reasons stated above, plaintiff's motion to strike the changes made in Thomas' deposition is denied. Defendant is ordered, however, to have the changes he wishes to make in his deposition testimony and the reasons for the changes written in the deposition at the point of change and after the original answer by the reporter and at defendant's expense. Furthermore, if plaintiff wishes, the examination of Thomas will be reopened, costs and attorneys fees to be paid by defendant.