PER CURIAM.
The final judgment under review is reversed and the cause is remanded for a new trial. We conclude that the trial court committed reversible error when at trial it excluded froni evidence certain depositions offered by the plaintiff [Crescent Equipment Company], These depositions were conced-edly relevant and vital to certain of the plaintiff’s claimed damages in this breach of contract action.
The sole ground for excluding the above depositions was that they were taken out of state before a commissioner pursuant to a court order authorizing same, which order was entered ex parte without prior notice to the defendant. Without dispute, however, the defendant received a copy of the order four days before the depositions were taken, the order did give the defendant notice of when the depositions would be taken, and the defendant, although it had sufficient time to do so, made no objection prior to the taking of these depositions concerning the propriety of the subject order and waited until trial to voice its complaints. We think the defendant by its inaction waived any objections to the order appointing a commissioner herein and that the trial court should have admitted the above depositions in evidence. See Wong Ho v. Dulles, 261 F.2d 456, 460 (9th Cir. 1958).
Reversed and remanded for a new trial.