595 So.2d 260 (1992)
MOTEL 6, INC., Appellant,
v.
Roger DOWLING, Appellee.
No. 90-3373.
District Court of Appeal of Florida, First District.
March 11, 1992.
*261 Daniel C. Shaughnessy of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellant.
Clive N. Morgan, Jacksonville, for appellee.
SMITH, Judge.
Motel 6, Inc., appeals an adverse final judgment in a slip and fall case, contending that the trial court erred in admitting into evidence changes in the deposition testimony of a material witness. We affirm.
Roger Dowling and his brother, Tony, and friend, Bill Hickox, are tree surgeons who travel in South Georgia and North Florida cutting and trimming trees. They spent the night at Motel 6 in Jacksonville, on July 11, 1989. At approximately 2:00 A.M. on July 12, 1989, Roger Dowling and Bill Hickox went to get ice. Dowling slipped on some water on the floor and fell, hurting his knee. Dowling sued, alleging he slipped and fell in a puddle of water which had leaked from a defective ice machine, of which the motel had prior knowledge.
The depositions of the three men were taken on May 22, 1990, in Waycross, Georgia, where they live. At issue in this appeal is the use of the deposition of Bill Hickox, who did not waive reading and signing his deposition when it was taken.
On or about August 22, 1990, Hickox prepared an errata sheet to his deposition, making three substantive changes[1] in his answers to questions and giving the reasons for the changes. The deposition and errata sheet were filed about a week later. Hickox was not present at the trial, which began on September 10th, and did not give live testimony. Instead, over a hearsay objection, his deposition with the original answers, along with the changes and the reasons for the changes, was read to the jury. Ultimately, the jury returned a verdict for Dowling, awarding him the sum of $31,150.43.
Rule 1.310(e), Florida Rules of Civil Procedure, expressly permits a witness to review his deposition testimony and make corrections, in both the form and substance, to his testimony. Although this rule is silent as to the use of the errata sheet, Rule 1.330(a) permits deposition testimony to be used at trial under circumstances present in this case. Further, section 90.804(2)(a), Florida Statutes (1989), provides a hearsay exception for deposition testimony, if the party against whom the deposition testimony is offered had an opportunity *262 to develop the testimony by direct, cross, or redirect examination.
We agree with Dowling that the effect of these three provisions, when read together, makes deposition testimony, including the errata sheet, admissible at trial. As Dowling argues, to conclude that the deposition itself would be admissible, but not the errata sheet, would render meaningless the witness' right to review his deposition testimony. One of the reasons a witness reads his deposition is to make permissible corrections to his testimony. Once the changes are made, they become a part of the deposition just as if the deponent gave the testimony while being examined, and they can be read at trial just as any other part of the deposition is subject to use at trial.
Further, although the issue of the use of errata sheets at trial is one of first impression in Florida, we note that our decision on this point is consistent with decisions of the federal courts and other state courts which have interpreted substantially similar statutes. See e.g. Usiak v. New York Tank Barge Company, 299 F.2d 808 (2d Cir.1962); Valley National Bank v. National Association for Stock Car Auto Racing, 153 Ariz. 374, 736 P.2d 1186 (Ariz. App. 1987); George v. Double D Foods, Inc., 155 Cal. App.3d 36, 201 Cal. Rptr. 870 (Cal. App.2d Dist. 1984); and Seattle First National Bank v. Rankin, 59 Wash.2d 288, 367 P.2d 835 (Wash. 1962).
Nevertheless, the motel argues that this result is unfair because it was denied the opportunity to cross-examine Hickox concerning these changes. Thus, argues the motel, the errata sheet was nothing more than an affidavit. We disagree.
If the motel wished to cross-examine Hickox regarding the changes, the burden was on the motel to reopen the deposition. Sanford v. CBS, Inc., 594 F. Supp. 713 (N.D.Ill. 1984). Counsel could have then asked questions which were made necessary by the changed answers, questions about the reasons the changes were made, and questions about where the changes originated, whether with the deponent or with his attorney. Lugtig v. Thomas, 89 F.R.D. 639, 642 (N.D.Ill. 1981). By availing itself of this remedy, the motel could have discovered, pretrial, whether the changed answers were the result of collusion, as the motel now charges, or were the result of improved memory.
As for the motel's contention that Hickox improperly delayed in reading and signing his deposition, a contention which is not supported by record evidence, we hold that the motel waived any purported irregularities in the reading of the deposition by not filing a motion to suppress prior to trial pursuant to rule 1.330(d)(4), Florida Rules of Civil Procedure. The purposes of this rule would not be served by allowing a party to wait until the deposition is sought to be used at trial before raising such objections. The obvious purpose of the rule is to allow the court to conduct a hearing regarding any irregularities before trial so that they might be corrected or otherwise allayed.
In our view, the two weeks between the filing of the errata sheets and the trial provided sufficient time to reopen the deposition or to file a motion to suppress. Crescent Equipment Co. v. Peters Machinery Corp., 428 So.2d 355 (Fla. 3d DCA 1983) (trial court reversibly erred in excluding relevant depositions at trial, where the party opposing the depositions had notice that the depositions would be taken before a commissioner four days before the depositions were taken, and although he had sufficient time to do so, made no objections prior to taking of the depositions and waited until trial to voice his complaint). If for any reason the time proved insufficient, the motel could have sought a continuance. The motel, having failed to avail itself of any of these remedies, has waived any complained of defects.
AFFIRMED.
ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Because our disposition of the appeal turns on the procedural correctness of the trial court's ruling, we find it unnecessary to consider Dowling's counter argument  that even if the court erred in admitting the errata sheets, such error was harmless because the changes had no effect upon the motel's defenses. Therefore, since no particular purpose would be served by setting forth the changes that were made, they are omitted.