622 So.2d 123 (1993)
C. Elvin FELTNER, a/k/a C. Elvin Feltner, Jr., Petitioner,
v.
INTERNATIONALE NEDERLANDEN Bank, N.V., f/k/a Nmb Post Bank Groep, N.V., New York Branch, Respondent.
No. 93-1158.
District Court of Appeal of Florida, Fourth District.
July 28, 1993.
Rehearing and Clarification Denied September 9, 1993.
*124 Freeman W. Barner, Jr., Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for petitioner.
Bruce J. Berman, P.A., and Weil, Gotshal & Manges, Miami, for respondent.
PER CURIAM.
Feltner brings this petition for writ of certiorari seeking review of the trial court's interlocutory orders compelling production of documents claimed to be protected by the attorney/client and work product privileges, and permitting the defendant to reopen petitioner's deposition to conduct examination with respect to information contained in his deposition errata sheets. Because of the implication of the attorney/client privilege we grant the petition in part.
Petitioner was deposed on December 28, 1992, and January 26, 1993. He did not waive the reading of the transcript of the deposition. After some delay, petitioner read the transcript and prepared errata sheets. The errata sheets made sixty-one changes in the deposition transcript. The reasons petitioner gave for the changes included, inter alia, reporting errors, clarification, incorrect answers, unintelligible questions, and information discovered after the original answer was provided.
After reviewing the errata sheets, respondent filed a "notice of taking reopened deposition with request for production of documents," stating that respondent would reopen petitioner's deposition to examine him "in connection with the information contained in Feltner's Errata Sheet served on March 26, 1993, the preparation thereof, and the source of the information contained therein". The notice also asked petitioner to produce:
1. All documents, including, but not limited to, marked-up copies of the transcript of the deposition taken of Feltner in this action and notes and drafts prepared by Feltner or his counsel, concerning the preparation of Feltner's Errata Sheet.
2. All documents constituting or otherwise relating to communications between Feltner and anyone, including Feltner's counsel, concerning the preparation of the Errata Sheet and the source of the information contained therein.
3. All other documents concerning Feltner's Errata Sheet, its contents, preparation and source of any information contained therein.
(Emphasis added).
Petitioner filed an objection to discovery and a motion for protective order contending that reopening of the deposition was unwarranted and would invade the attorney/client privilege. After argument, the trial court entered an order denying petitioner's objections and motion, ruling that respondent would be permitted to reopen the deposition "to conduct further examination with respect to the information contained in the deposition errata sheets and matters related thereto," and that petitioner was required to produce the requested documents concerning his errata sheet as requested by respondent. Petitioner seeks review of that order.
Rule 1.310(e), Florida Rules of Civil Procedure permits a deposition witness to make changes "in form or substance" to a transcribed deposition by listing them in writing with the reasons given for making the changes. Like its federal counterpart, Federal Rule of Civil Procedure 30(e), the Florida rule places no limitations on the changes a deponent can make. Accordingly, the deponent can make changes of any nature, no matter how fundamental or substantial. See Allen & Co. v. Occidental Petroleum Corp., 49 F.R.D. 337 (S.D.N.Y. 1970); Lugtig v. Thomas, 89 F.R.D. 639 (N.D.Ill. 1981). However, if the changes are substantial, the opposing party can reopen a deposition to inquire about the changes. See Allen; Lugtig; Motel 6, Inc. v. Dowling, 595 So.2d 260 (Fla. 1st DCA 1992). Therefore, it is no departure from the essential requirements of law to *125 allow the deposition to be reopened in this case.
While the deposition may be reopened, its substance must relate to the changes. The question of the attorney/client privilege as it relates to the subject of the reopened deposition has not been explored fully in prior decisions. In Lugtig, the court stated that at a reopened deposition "deposing counsel can ask questions which were made necessary by the changed answers, questions about the reasons the changes were made, and questions about where the changes originated, whether with the deponent or with his attorney." 89 F.R.D. at 642. This comment was repeated with approval in Motel 6. Yet neither case addressed the attorney/client implications of such questioning, nor in either case was there a question as to whether documents relating to the errata sheets should be produced.
The attorney/client privilege, when properly invoked, must be respected. It is not waived because a witness changes an answer to a question after consulting with an attorney. The fact of consultation may be brought out. However, the substance of the communications is protected. As to the deposition questions invading the attorney/client privilege, we cannot anticipate the exact nature of the questions to be asked. Furthermore, the privilege must be affirmatively invoked at the time the objectionable question is asked. Therefore, we will not preclude in advance particular questions or a line of questioning. But with respect to the production of documents, the privilege has been appropriately asserted. The notice of production directly requests communications between the attorney and the client, including marked copies of the deposition, and documents constituting generally communications with Feltner's counsel regarding the preparation of the errata sheet. The privilege having been asserted, it was error to require the production of these documents.
We therefore quash that part of the order requiring production of documents protected by the attorney/client privilege. We deny the petition with respect to reopening the deposition without prejudice to the petitioner's assertion of any testimonial privilege to which he is entitled.
WARNER, POLEN and KLEIN, JJ., concur.