### INNOVATIVE MARKETING & TECHNOLOGY, L.L.C. and Les G. Salinas, Plaintiffs,

v.

### NORM THOMPSON OUTFITTERS, INC. d/b/a Norm Thompson, Solutions and Craig Dewey, Defendants.

Civil Action No. SA–95–CA–0797.

United States District Court,
W.D. Texas,
San Antonio Division.

March 24, 1997.

Charles W. Hanor and Kirt S. O'Neill, Akin, Gump, Strauss, Hauer & Feld LLP, San Antonio, TX, Rochel J. Lemler, Garcia Gonzalez & Lemler, P.C., San Antonio, TX, Kathryn P. Salyer, Anne W. Glazer, Lane, Powell, Spears & Lubersky, Portland, OR, for Norm Thompson Outfitters, Inc. and Craig Dewey.

Theodore Campagnolo, Scottsdale, AZ, for Innovative Marketing & Technology. L.L.C.

Theodore Campagnolo, Scottsdale, AZ, Christopher J. Gale, Low, Gale, Vidaurri & Wilson, PLLC, San Antonio, TX, Justin W. Low, San Antonio, TX, for Lee G. Salinas.

---

ORDER CONCERNING PENDING MOTIONS CONCERNING LEAVE TO FILE, MOTION TO STRIKE DEPOSITION ERRATA SHEETS AND WITHDRAWAL AND SUBSTITUTION OF COUNSEL

BIERY, District Judge.

Pending before the Court are the following motions: (1) plaintiffs' unopposed motion for leave to file reply to defendants' objection to second court ordered mediation (docket # 75); (2) defendants' motion to strike deposition errata sheets (docket # 89), and (3) unopposed motion for withdrawal and substitution of counsel for Innovative Marketing & Technology, L.L.C. and Lee G. Salinas (docket # 93). The motion for leave to file and for withdrawal and substitution of counsel are unopposed and will be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' unopposed motion for leave to file reply to defendants' objection to second court ordered mediation is GRANTED and the Clerk of the Court is ordered to file the reply. IT IS FURTHER ORDERED that counsel of record for the plaintiff, Ted Campagnolo, is allowed to withdraw as counsel of record for the plaintiffs and Christopher J. Gale and Justin W. Low of the law firm of Low, Gale, Vidaurri & Wilson, PLLC, 115 East Travis, Suite 618, San Antonio, Texas 78205, are substituted in place of Mr. Campagnolo.

The Court has also reviewed defendants' motion to strike deposition errata sheets as well as plaintiffs' response thereto. Defendants ask this Court to strike the changes contained in the errata sheets of Dr. Paine and Mr. Salinas because the suggested changes are not corrections of errors in transcription by the court reporter but are changes made to change and/or clarify the answers previously given under oath. Plaintiffs respond that such action is not warranted under rule 30(e) of the Federal Rules of Civil Procedure which clearly allows a deponent to make changes to his or her deposition.

As stated by the plaintiff and confirmed through this Court's own research, there are no Texas district court cases and no Fifth Circuit cases discussing this issue. Defendants rely on *Rios v. Welch*, 856 F.Supp. 1499 (D.Kan.1994), *aff'd on other grounds sub nom.*, *Rios v. Bigler*, 67 F.3d 1543, 1552 (10th Cir.1995) (cannot review contention plaintiff entitled to submit changes to deposition under rule 30(e) because plaintiff failed to submit proper record on appeal), and *Greenway v. International Paper Co.*, 144 F.R.D. 322 (W.D.La.1992), to support their proposition while plaintiffs cite to *Lugtig v. Thomas*, 89 F.R.D. 639 (N.D.Ill.1981), and *Sanford v. CBS Inc.*, 594 F.Supp. 713 (N.D.Ill.1984), *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337 (S.D.N.Y.1970), and *Colin v. Thompson*, 16 F.R.D. 194 (W.D.Mo.1954).

Rule 30(e) of the Federal Rules of Civil Procedure provides:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

The court in *Greenway* found the purpose for rule 30(e) obvious:

> Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then correction by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D.La.1992). In contrast, the Illinois court explained the rule as follows:

Rule 30(e) of the Federal Rules of Civil Procedure allows deponents to make "(a)ny changes in form or substance which the witness desires ...," even if the changes contradict the original answers or even if the deponent's reasons for making the changes are unconvincing. The language of the rule places no limitations on the type of changes that may be made by a witness before signing his deposition .... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the change. *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill.1981) (citations omitted). Moreover, as the court noted, the original answers to the deposition would remain as a part of the record and could be read at trial because nothing in the rule provided for the original answers to be stricken and policy considerations supported such a finding:

> The witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony. There is no apparent reason why the witness who changes his mind between the giving of the deposition and its transcription should stand in any better case.

*Lugtig,* 89 F.R.D. at 642 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 2118). In addition, another safeguard against abuse allows for the party taking the deposition to reopen the examination if the changes to a deposition render the deposition useless or incomplete without additional testimony. *Id.* This reasoning has been followed by district courts in Indiana, New York, and Pennsylvania. *See Duff v. Lobdell–Emery Mfg. Co.,* 926 F.Supp. 799, 803–04 (N.D.Ind.1996) (deposition testimony struck because no explanation provided giving reason for changes); *Podell v. Citicorp Diners Club. Inc.,* 914 F.Supp. 1025, 1034 (S.D.N.Y.1996) (plaintiff changed deposition testimony on material matter; rule 30(e) allows deponent to make changes in deposition even if changes contradict the original answers and reasons for changes unconvincing); *Perkasie Indus. Corp. v. Advance Transformer, Inc.,* No. 90–7359, 1992 WL 166042 at *2 (E.D.Pa.1992) (if witness follows requirements of rule 30(e), changes will not be suppressed; courts lenient in applying rule 30(e) requirements).

With the foregoing in mind, the Court has reviewed the errata sheets. The reasons for the changes given by the deponents were to clarify, to correct a misstatement, or to correct a response because the deponent did not understand the question. In addition, the errata sheets were delivered to defendants prior to their filing their motion for summary judgment, and defendants have not alleged that plaintiffs failed to follow the proper procedures set forth in rule 30(e) to make the changes. *See Rios v. Welch,* 856 F.Supp. 1499, 1502 (D.Kan.1994) (responding to plea for reconsideration of weight to be given to corrected deposition testimony the court responded that it was its belief that a plaintiff is not permitted to "virtually rewrite portions of a deposition, particularly after the defendant has filed a summary judgment motion, simply by invoking the benefits of Rule 30(e)"); *see also Duff v. Lobdell–Emery Mfg. Co.,* 926 F.Supp. 799, 804 (N.D.Ind.1996) (failure to provide explanation for changes to deposition testimony resulted in court striking the evidence and disregarding same, in summary judgment analysis). Instead, defendants ask this Court to construe rule 30(e) as only allowing the correction of stenographer/court reporter typographical errors. Such a reading of the rule seems too narrow. Therefore, based on the wording contained in rule 30(e) and a review of the types of corrections made herein,[1] the Court finds the better view is to deny defendants' motion to strike.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike deposition errata sheets (docket # 89) is DENIED.

---

1. Defendants ask this Court to strike the errata sheets of both Dr. Mark Paine and Lee G. Salinas. Defendants point to five changes or corrections made by Dr. Paine, but refer the Court only to Mr. Salinas's errata sheet which contains a total of five corrections, one of which appears to be a typographical error of the sort set forth in *Greenway.*