Michael H. HOLLAND, et al., Plaintiffs,

v.

CEDAR CREEK MINING, INC., San–
Lin Corporation, and Larry
Cline, Defendants.

No. Civ.A. 2:99–0235.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 18, 2001.

Gary A. Collias, McIntyre & Collias, Charleston, WV, for plaintiffs Michael Holland, et al.

Erwin L. Conrad, Conrad Law Offices, Fayetteville, WV, for defendant Cedar Creek Mining, Inc. and San–Lin Corp.

Forrest H. Roles, Heenan, Althen & Roles, Charleston, WV, for defendant Larry Cline.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending is the plaintiffs' Motion to Exclude Changes in Deposition Testimony of Defendant Larry Cline. Larry Cline ("Cline") gave a deposition on November 23, 1999. He filed an errata sheet for that depo-

sition on October 6, 2000, making substantive changes to his testimony. Pursuant to Rule 30(e) of the Federal Rules of Civil Procedure, the court **FINDS** that, although Cline's errata sheet was timely filed, he has failed to provide any reasons for his changes as required by the rule. Accordingly, the plaintiffs' motion is **GRANTED**.

### DISCUSSION

### A. *Procedural History*

The plaintiffs originally filed this action against the two corporate defendants under Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992. On November 23, 1999, the plaintiffs deposed Cline, who was an owner and officer of the corporate defendants. During the deposition, Cline was asked about his personal business activities. At the conclusion of the deposition, counsel for the corporate defendants requested that Cline read and sign the deposition, as provided for in Rule 30(e) of the Federal Rules of Civil Procedure. On or about December 6, 1999, the court reporter mailed a copy of the transcript to the corporate defendants' counsel, Erwin L. Conrad. Mr. Conrad also requested a second copy of the transcript, which was mailed on or about January 6, 2000.

On August 24, 2000, the court granted a motion by the plaintiffs to amend their complaint, adding Cline as an individual defendant based upon his deposition testimony and other documentary evidence. On or about September 25, 2000, Cline's retained counsel, Forrest H. Roles, provided Cline with a copy of his deposition transcript which he had acquired from Mr. Conrad. Cline represents, by way of affidavit, that he had never seen a copy of the transcript prior to receiving it from Mr. Roles, nor had he been notified of its availability for review. On October 6, 2000, Cline provided an errata sheet which included substantive changes to his testimony, but did not provide any explanation for the changes. The plaintiffs now seek to exclude Cline's changes as untimely and improper under Rule 30(e). The issue has been fully briefed and is ripe for determination.

### B. *Timeliness of Plaintiffs' Motion*

Cline alleges that the plaintiffs' motion to exclude the changes to his deposition testimony is untimely. In support of this position, Cline cites Rule 32(d)(4) of the Federal Rules of Civil Procedure and Local Rule 3.07 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia. The court **FINDS** both of these rules to be inapposite and that the plaintiffs' motion was timely filed.

■ Rule 32(d)(4) concerns the effect of errors and irregularities as to the completion and return of depositions by a court reporter. The rule provides that:

> [e]rrors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed or otherwise dealt with *by the officer* under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been ascribed.

FED.R.CIV.P. 32(d)(4). This rule does not apply to this case, as no motion has been made concerning errors or irregularities in the manner in which the court reporter dealt with this deposition.

■ Local Rule 3.07 is also inapplicable. Local Rule 3.07 provides that "motions to compel or other motions in aid of discovery not filed within thirty (30) days after the discovery response or disclosure requirement was due are waived." L.R.CIV.P. 3.07. This rule applies to written discovery requests and disclosures required under Rule 26. It was not designed to apply to situations concerning the propriety of changes in deposition testimony. The court **FINDS** that, given the procedural history and posture of this case, the motion was timely.

### C. *Rule 30(e) and Its Application Herein*

Rule 30(e) of the Federal Rules of Civil Procedure provides:

> If requested by the deponent or a party before completion of the deposition, the

deponent shall have 30 days *after being notified by the officer that the transcript or recording is available* in which to review the transcript or recording and, if there are changes in form *or substance,* to sign a statement reciting such changes *and the reasons given by the deponent for making them.*

FED.R.CIV.P. 30(e) (emphasis added). It is plain from a reading of Rule 30(e) and the Advisory Committee notes that the "officer" is the court reporter. *United States ex rel. Burch v. Piqua Eng'g, Inc.,* 152 F.R.D. 565 (S.D.Ohio 1993). It follows that the 30 day period begins on the date that the deponent receives notice of the availability of the transcript from the court reporter. The court **FINDS** that Cline's 30 days started when he was provided the transcript on or about September 25, 2000, and that the submission of his errata sheet on October 6, 2000 was, therefore, timely.

■ Although some authority questions the scope of substantive changes permitted under Rule 30(e), the rule itself clearly recognizes that a deponent may make any "changes in form or substance" which the witness desires. *See Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill.1981) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2118). In fact, "courts generally construe Rule 30(e) broadly to permit any changes." *Hlinko v. Virgin Atlantic Airways,* 1997 WL 68563 (S.D.N.Y.1997); *see also Podell v. Citicorp Diners Club, Inc.,* 914 F.Supp. 1025, 1034 (S.D.N.Y.1996), *aff'd,* 112 F.3d 98 (2d Cir.1997).

■ Of course, by making substantive changes, a deponent exposes himself to the potential reopening of his deposition and cross-examination concerning the changes in his testimony. *See Lugtig,* 89 F.R.D. at 642; *accord Sanford v. CBS, Inc.,* 594 F.Supp. 713, 715 (N.D.Ill.1984); *Innovative Marketing & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.,* 171 F.R.D. 203, 205 (W.D.Tx. 1997). To be sure:

> [t]he witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony. There is no apparent reason why the witness who changes his mind between the giving of the deposition and its transcription should stand in any better case. (Wright & Miller, Federal Practice & Procedure, § 2118).

*Lugtig,* 89 F.R.D. at 642. Moreover, "the Rule is less likely to be abused if the deponent knows that all the circumstances [sic] the original answers as well as the changes and the reasons will be subject to examination by the trier of fact." *Id.*

■ Notwithstanding the court's finding that the substantive changes were permissible and timely, there remains a further requirement. The witness is also plainly bound by the rule to state specific reasons for each change. The rule is that changes must be accompanied by "the reasons given by the deponent for making them." FED.R.CIV.P. 30(e). This court, like most courts, will insist on strict adherence to the technical requirements of Rule 30(e). *See* A. Darby Dickerson, *Deposition Dilemmas: Vexatious Scheduling and Errata Sheets,* 12 Geo.J. Legal Ethics 1 (1998). Cline failed to follow the rule. No specific reasons accompany his changes. Accordingly, the plaintiffs' Motion to Exclude Changes in Deposition Testimony of Defendant Larry Cline is **GRANTED.**

The Court **DIRECTS** the Clerk to (1) send a copy of this Order to counsel of record and any unrepresented party, and (2) publish this opinion at www.wvsd.uscourts.gov.