Agnes, A.J.
INTRODUCTION
This is a civil action in which Whitney Chaplin, the minor plaintiff, alleges that the defendant was negligent and caused her injury as a result of an incident in which the plaintiffs hand became caught under the wheel of a go-cart in which she was riding as a passenger and that was being operated by the defendant.
BACKGROUND
Plaintiffs counsel deposed the defendant on July 22, 2003. There was a stipulation that the defendant had 30 days from receipt of the deposition transcript to read, correct and sign her deposition transcript. See Mass.R.Civ.P. 30(e) (“When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties”). According to the defendant’s counsel, the defendant did not receive the transcript when it was first mailed to her, and received it only after it was mailed a second time. Plaintiff maintains therefore that the deadline passed and the deposition became final before any of the proposed changes were made. When she apparently did finally review it, the defendant made seven substantive changes. See Exhibit A to Defendant’s Motion for Leave to Serve a Deposition Errata Late. For example, in her deposition, the defendant testified that the plaintiff was not wearing a seat belt. When asked if one was available, the defendant testified “Yes.” However, she proposes to change her testimony to “No.” According to the defendant’s errata sheet, the explanation is that “(t]here was no ‘seatbelt’ in the true sense of the word. Accordingly, my response is not accurate. Rather, someone other than the manufacturer tied a device to the go-cart which was just long enough to fit around a child who might be operating the go-cart.” See Exhibit A to Defendant’s Motion for Leave to Serve a Deposition Errata Late. In another case, the defendant testified at her deposition that on the day in question, the seats of the go-cart were slippery when they began their ride. However, she proposes to change her testimony to “I don’t remember any discussion about the seats being slippery on the actual day of the accident. I think the first time this topic came up was the day after the accident.” According to the defendant’s errata sheet, the explanation is that “(a)t the time of the deposition I was unclear at what point we noticed the seats were slippery from the Armorall. Upon considering the question further, my best recollection is that the topic first came up the day after the accident.” See Exhibit A to Defendant’s Motion for Leave to Serve a Deposition Errata Late. There are numerous other changes of this nature proposed by the defendant.
Defendant’s counsel moves for leave to serve the “errata” sheet containing changes to the defendant’s deposition late. Counsel for the plaintiff opposes the motion on two grounds. Plaintiff maintains that Mass.R.Civ.P. Rule 30(e) should not be interpreted to permit a witness to make substantive alterations of deposition testimony by means of an errata sheet. Second, the plaintiff maintains that the proposed alterations were not made within the agreed upon 30 days and should be rejected as untimely.
DISCUSSION
1. Whether a witness may make substantive changes in deposition testimony under Mass.R.Civ.P. 30(e)?
Mass.R.Civ.P. 30(e) provides as follows:
(e) Submission to Witness; Changes; Signing. When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within 30 days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress under Rule 32(d)(4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.
*226 There is no indication in the Reporter’s Notes to Rule 30(e) that the language authorizing the witness to make “any changes in form or substance” was intended in any way to limit the scope of any changes made by the witness to her answers at the deposition. The question has not been squarely decided by a Massachusetts appellate court. See Lyons v. Nutt, 436 Mass. 244, 249 (2002) (explaining that a party may not defeat a motion for summary judgment by means of a post-deposition affidavit which contradicts the party’s deposition, but noting, without expressing any view, Mass.R.Civ.P. 30 (e)). See also Boynton v. Boland, Middlesex Superior Court No. 94-07075 (March 1996) (Cowin, J.) (5 Mass. L. Rptr. 78) (deposition correction process under Mass.R.Civ.P. 30(e) cannot be used to alter testimony for purposes of defeating summary judgment). However, the Superior Court has had occasion to deal with this issue.
In McHugh v. Kilp, Middlesex Superior Court No. 99-875 (March 22, 2001) (Grabau, J.) (12 Mass. L. Rptr. 683), the court considered a motion relating to errata sheets in which the party-witnesses (wife and husband) made a number of substantive changes. In some instances “no” answers on important matters were changed to “yes” answers after the deposition. The court noted that the parties offering the errata sheet had acted in a timely way and submitted their changes under oath as required by Mass.R.Civ.P. 30(e), but that they had not complied with the rule’s requirement that a reason be given for the changes. Nonetheless, the court carefully considered the federal decisions interpreting and applying the corresponding federal rule which was the model for the Massachusetts rule.[1] One line of decisions, which appears to be the majority view among federal decisions, interprets the federal rule to permit the deponent to make changes of any kind (corrections based on a claim of a transcription error, or any other substantive or procedural changes). See Pepsi-Cola Bottling Co. v. PepsiCo, Inc., 2002 WL 511506 *2 (D.Kan. 2002); Foutz v. Town of Vinton, Va., 211 F.R.D. 292, 293 (W.D.Va. 2002); DeLoach v. Philip Morris Companies, Inc., 206 F.R.D. 568, 571-72 (M.D.N.C. 2002); Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Sup.2d 95, 120 (D.Mass. 2001); Podell v. Citicorp Diners Club Inc., 914 F.Sup. 1025, 1034 (S.D.N.Y. 1996); United States v. Piqua Engineering, Inc., 152 F.R.D. 565 (D.Ohio 1993); Lugtig v. Thomas, 89 F.R.D. 639, 652 (N.D.Ill. 1981) (not examining the sufficiency, reasonableness, or legitimacy of the reason); Colin v. Thompson, 16 F.R.D. 194, 195 (W.D.Mo. 1954) (whether the deponents “reasons are good or not will not impair his right to make the changes"). See generally 5 Wright, Miller & Marcus, Federal Practice and Procedure, §2118 at 134 (1994). A minority view takes the position that corrections on errata sheets that alter the substance of the deponent’s testimony are not permitted. See, e.g., Wigg v. Sioux Falls District 49-5, 274 F.Sup.2d 1084, 1090-91 (D.S.Dakota 2003); Duff v. Lobdell-Emery Mfg. Co., 926 F.Sup. 699, 803 (N.D.Ind. 1996); S.E.C. v. Parkerburg Wireless Ltd. Liab. Co., 156 F.R.D. 529, 523 &n. 11 (D.D.C. 1994); Greenway v. International Paper, 144 F.R.D. 322 (W.D.La. 1992) (“[t]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all and then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.”); Rios v. Bigler, 847 F.Sup. 1538 (D.Kan. 1994) (“Although the errata sheet may be used to correct error or to clarify or change an answer when a question is misunderstood, it may not be used to allow a person to alter what has been said under oath”).[2]
In McHugh, this court concluded that while Mass.R.Civ.P. 30(e) could be read to allow parties to make indiscriminate changes in the substance of a deponent’s testimony without judicial oversight, such an interpretation could lead to the manipulation of the discovery process for improper purposes. Accordingly, the court followed an approach that remains faithful to the unrestricted language of rule 30(e), but that also insures the rule is applied and enforced with the integrity demanded by Massachusetts practice:
Because nothing in Rule 30(e) provides that the original answers of a deponent must be stricken, the original answers of the Plaintiffs’ depositions may remain part of the record and be read, along with the new answers or additions, if any, at trial. The policy considerations behind this approach is that “[t]he witness who changes his testimony on a material matter between giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons they changed their testimony. There is no apparent reason why the witness who changes his mind between the giving of his deposition and its transcription should stand in any better case.” Innovative Marketing & Technology, L.L.C. v. Norm Thompson Outfitters, 171 F.R.D. 203, 205 (W.D.Tx. 1997).
McHugh v. Kilp, supra. Considerations relating to the fairness and the integrity of the trial compel the approach followed by this court in McHugh v. Kilp, supra. The testimony of a witness under oath is part of the process of searching for the truth. If the witness desires to correct his or her testimony, even by changing the substance of it, the fact-finder should have the benefit of that altered testimony. In fairness to the opposing counsel, it should be possible to present the fact-finder with the earlier testimony of the witness as well. The concern that this practice will give an advantage to parties who, for whatever reason, decide to make substantive changes in their deposition testimony is no greater *227 than the concern that exists in every case that a witness may not be truthful or entirely truthful in his or her testimony. Any party-witness who chooses to employ the deposition correction procedure set forth in Mass.R.Civ.P. 30(e) bears the burden of being impeached with the earlier testimony. Also, any attorney who manipulates a party or other witness and arranges or facilitates the submission of a deposition errata sheet to gain some advantage in a case and not to correct the testimony of the witness is subject to sanctions. See, e.g., Mass. Rules of professional Conduct, Rule 3.1 & 3.4(a), (b), (f), (g) 1, Rule 3.3, Supreme Judicial Court Rule 3:07 (1998). See also id.., Preamble para. 4 (“A lawyer should use the law’s procedures only for legitimate purposes”).[3]
Thus, when attorneys advise or consult with witnesses about the deposition correction procedure set forth in Mass.R.Civ.P. 30(e) they should observe the following guidelines: (1) counsel must understand and should explain to the witness that any changes must represent the good faith belief of the witness and cannot be undertaken simply to bolster the merits of the case; (2) in preparing an errata sheet, counsel should insure it contains (i) the original question and answer by the deponent and transcript page reference, (ii) the specific correction proposed (e.g., change “yes” to “no”), that (iii) it is signed by the deponent under the pains and penalties of perjury or accompanied by an affidavit by the deponent, and (iv) that it contains the specific reason for each change; and (3) the deposition should be signed by the witness within 30 days of its receipt and then promptly served on the other parties. The deponent may make any corrections, substantive or procedural, but corrected deposition answers do not serve to wipe the slate clean with respect to the witness’s earlier testimony which is available for use as impeachment evidence at trial. In light of the terms of Mass.R.Civ.P. 30(e) and the interest in advancing the truth-seeking function of the trial, the reasons given by the deponent for the change along with the original testimony and the changed testimony are available for impeachment. See Lugtig v. Thomas, supra, 89 F.R.D. at 689; Motel 6, Inc. v. Dowling, 595 So.2d 260, 262 (Fla.Dist.Ct. Appeal 1992). In the event the corrections or changes made by the deponent witness relate to matters of substance and, in the judgment of the opposing party, notwithstanding the availability of the earlier answers for impeachment have a substantially detrimental effect on the discovery in the case, the opposing party may be entitled to an additional deposition, the costs of which could be assessed against the party who is the proponent of the deponent-witness.[4] See Hlinko v. Virgin Atlantic Airways, 1997 WL 68563 *1 (S.D.N.Y.), quoting Allen & Co. v. Occidental Petroleum Corp., 49 F.R.D. 337, 340 (S.D.N.Y. 1970).
B. Whether the deposition and errata sheet were prepared and submitted in a timely manner.
Prior to the commencement of the deposition in this case, there was an agreement between the parties that the defendant-deponent would read and sign her deposition within 30 days. “If it’s not signed within that period, it’s deemed accepted and admitted as accurate.” Plaintiffs Memorandum in Opposition at 10, quoting Deposition of Debra Quinn page 4, lines 6-10. The defendant does not dispute these facts. The plaintiff argues that it would be unfair to allow the defendant to violate their agreement and would prejudice the plaintiff. However, under the terms of the reasoning set forth above, the plaintiff will have available for impeachment at trial the original answers of the defendant as well as her corrections. Furthermore, it is open to the plaintiff to move to further depose the defendant if that is deemed necessary. See Titanium Metals Corp. v. Elkem, 191 F.R.D. 468 (W.D.Pa. 1998). There may be circumstances in which untimely corrections to a deposition should simply be disregarded, e.g., such as when they materialize after the close of discovery or in connection with a motion for summary judgment, see Pepsi-Cola Bottling, supra, 2002 WL 511506 *4, Porter v. Hamilton Beach/Proctor-Silex, Inc., 2003 WL 21946595 (W.D.Texas 2003), but this is not such a case.
CONCLUSION
For the above reasons, the defendant’s motion is ALLOWED.

 Fed.R.Civ.P. 30(e) is nearly identical to the Massachusetts rule.

 There are cases which deal with parties who submit errata sheets but do not comply with the procedural requirements of Rule 30(e), i.e., failure to submit corrections in a timely manner, to give a reason for the change in testimony, or to submit the changes in the form of an affidavit. See, e.g., Barlow v. Esselte Pendaflex Corp., 111 F.R.D. 404, 406-07 (M.D.N.C. 1986) (the changes must be made in the correct manner); Sanford v. CBS Inc., 594 F.Sup. 713, 715 (N.D.Ill. 1984) (requiring that the reasons be specific for each proposed change); Architectural League of New York v. Barios, 404 F.Sup. 304, 311 (D.C.N.Y. 1975) (changes made by a deponent with his own hand without a reason why were inoperative). This case does not involve a failure to comply with such procedural requirements. Such a failure could invalidate any effort to make changes in a witness’s deposition testimony.

 The majority view is that it is not necessary or appropriate for the court to examine the sufficiency, reasonableness or legitimacy of the reasons given by the deponent-witness for the changes. However, the reasons given must be adequate, ie., they cannot be mere conclusions and must explain why the witness decided to change or alter his or her testimony, see Foutz v. The Town of Vinton, supra, 211 F.R.D. at 296, and must be advanced in good faith. If the reasons for the corrections or changes do not represent the good faith reasons of the witness, but rather are simply an effort by his or her attorney to bolster the testimony of a witness to provide a factual basis to an otherwise meiitless case, judicial inquiry and sanctions against the attorney would be warranted. See NoreUus v. Denny’s Inc., 2000 WL 3351630 (S.D.Fla. 2000) *228 (female employee brought allegations of sexual harassment and abuse against male managers; following her several days of deposition, her attorneys submitted a 63-page errata sheet containing over 500 changes that sought to reconcile numerous inconsistencies that court concluded could not be attributed to the plaintiff-witness).

 This option is essential to avoid situations in which the deponent-witness changes his or her testimony in such a way that a new line of cross-examination is necessary, or an objection should be made by the opposing attorney.