## DE SEVERSKY v. REPUBLIC AVIATION CORPORATION.

### Civil No. 1466.

District Court, E. D. New York.

Oct. 18, 1941.

Bleakley, Platt & Walker, of New York City, for defendant, for the motion.

Kaufman & Cronan, of New York City, for plaintiff, opposed.

INCH, District Judge.

This is a motion for an order requiring plaintiff to appear before the officer before whom his testimony before trial was taken and state under oath the reasons with respect to each change desired to be made by him in his testimony as originally

114

given and for a further examination of plaintiff. The circumstances are unusual. I have not been presented with, nor have I found, any previous case which decides the question raised.

The motion was originally granted on consent but subsequently, by stipulation, it was agreed that such consent was erroneous and that plaintiff desired to oppose the motion. Accordingly the motion has been heard by this court.

Before discussing Rule 30, Subdivision (e), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the rule involved, it should be stated that plaintiff was the president of the defendant corporation and was also a director and stockholder. He has brought an action for services allegedly performed at the request of the defendant for which he claims the value of $2,500,000.

Defendant duly obtained an examination before the trial of plaintiff on or about August 27, 1940, and, commencing on September 16, 1940, such examination started. According to counsel for the plaintiff, such examination was adjourned from time to time and a transcript of the testimony so taken covers approximately two-hundred type written pages. Some of the questions asked plaintiff were not answered at first due to the advice of counsel, but subsequently were answered pursuant to the court's direction. As to others the court did not direct the plaintiff to answer.

On the papers submitted this court will assume that there has been no attempt on the part of the plaintiff to avoid testifying.

Finally, the examination was considered ended and plaintiff was then requested to sign the finished deposition. Before doing so, however, plaintiff directed his counsel, after examination of the written deposition, to serve on the attorney for the defendant a notice, pursuant to Rule 30, Subdivision (e), of changes which he required to have made in the deposition by the officer before whom the examination took place before he signed same.

Rule 30, Subdivision (e), entitled "Submission to Witness; Changes; Signing," so far as applicable is: "When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him. * * * Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. * * *"

From the above brief reference it appears that plaintiff has been examined to a considerable degree and it should be assumed that in such examination under oath he answered truthfully and to the best of his knowledge. The purpose of such examination by defendant is, of course, to get the truth for use on and preparation for the trial. At the same time the Rules protect the party or witness from unreasonable annoyance and embarrassment as well as from an examination sought in bad faith. Consequently where an examination such as this has taken place extending from time to time over a period of several months it is not unreasonable that a deponent might find in his written deposition, certain changes in form or substance which he desires to correct before finally signing same.

In the old equity practice and in the ordinary work of taking a deposition or affidavit, such was and is of ordinary occurrence where time has been given for reflection and a desire for more accurate testimony. But such ordinary changes do not appear to be the case here. The real controversy is therefore whether or not the defendant must be content with a useless deposition or again seek a new examination in order to ascertain the truth because the Rule allows the witness to substantially repudiate his previous testimony by giving entirely opposite answers to those given by him, under the guise of making desired changes in form or substance before he signs and swears to the deposition and with the mere statement, not that the questions asked were misunderstood, but that "his answers were incomplete and not in conformity with the present recollection of the witness".

Counsel for defendant sets forth the fact that plaintiff's proposed changes in his testimony will be thirty-four in number and that a fair consideration of such changes indicates plainly that the reasons for making same as given by plaintiff are insufficient when one considers the nature of plaintiff's suit, the amount sought to be recovered, the plain questions asked plaintiff on the examination, and the equally plain answers given by plaintiff, as to matters which reasonably would be clearly impressed on his mind.

Counsel for defendant therefore wrote counsel for plaintiff asking them to prepare a new statement giving, in respect to each change, plaintiff's reason therefor and if such changes of the answers were substantial that defendant be afforded the opportunity to continue the examination in respect to such substantial changes. Counsel for plaintiff refused such request and stated that the Rules did not require any such action by plaintiff. Hence this motion is made by counsel for defendant.

There is no necessity for going into detail as to the testimony originally given by plaintiff and his testimony as sought to be changed by him. It appears fully set forth in the moving papers. Suffice it to say that when plaintiff was asked in his examination the simple question whether any written request was made of him by the Board of Directors to do the work for which he is suing, he answered, "No". He now seeks to change that answer to what in substance is "Yes", by reference to what he claims took place in the discussions and minutes of the corporation.

He was asked: "Q. Did the corporation ever promise or agree to pay you for the work? A. I took it for granted". He now seeks to change that answer to— "that they did so". He was asked: "Q. Was there any conversation about the intention of the defendant to pay? A. No, there was no conversation". He now wishes to change that to—"that he had repeated conversations" and that he was told that "his compensation would be adjusted retroactively when the company's financial problems were closer to a solution". He was asked: "Q. Did you ever take up this subject with the Board of Directors? A. No, I did not". He now wishes to change his answer to—"Of course, repeatedly". It is unnecessary to state further excerpts. In substance it comes down to this. This plaintiff is not to be unnecessarily annoyed and his deposition should be the truth so far as he can make it so. But there is no value to a deposition if the answer "no" is thereafter changed to "yes" or white is changed to black. To be sure his deposition when signed and sworn to will be what he must and intends to stand by, and we are not concerned with the fact that by mistaken answers originally given defendants might move for summary judgment when the real truth would not give that right, so long as the prior opportunity has been afforded the witness by the Rules to correct the mistake or tell the truth before the deposition is signed by him and made usable.

Rule 30, Subdivision (e), contemplates a finished examination, an examination that is concededly finished except for certain errors and mistakes on immaterial matters. Such examination should not be considered finished if a witness seeks to recant his testimony or feels that to be "truthful" he must directly contradict the answers already given by him on most material points. To do otherwise is not only to create delay but make complex procedure which the very purpose of the Rules is to avoid.

On the other hand, in such circumstances to consider the examination still open and allow the witness in accordance with the Rule to change his testimony even on material points and go on with the examination without prejudice to the plain safeguards for his protection, if same becomes necessary, simplifies the procedure and greatly speeds up the final taking of the deposition.

The necessity of giving some reason for changes may be occasioned by many circumstances such as pointing out plain errors, immaterial mistakes, misunderstood questions, etc. But we are not concerned with any such thing here. Nor, in my opinion, should the witness be prevented from correcting his answers where he reasonably desires to do so although his reasons given may seem inadequate. A witness, however, should not be able to destroy the usefulness of an examination by the means employed here.

I agree with counsel for the defendant that plaintiff's proposed changes are direct contradictions on vital points and therefore plaintiff should again appear before the master at the time arranged and continue the examination, his answers as he now claims should first be substituted for his answers already given and defendant then is entitled to examine him in the light of such answers to the same extent that they would have examined him had his new answers been first given. I see no reason for ordering a new examination nor to spend much time about the reasons in plaintiff's mind for changing his testimony.

Settle order.