E. EARLE DOWNING V. JOHN GASSER, SR.

(*July* 21, 1952.)

CAREY, J., sitting.

*Henry M. Canby* (of Richards, Layton and Finger) for plaintiff.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch) for defendant.

Superior Court for New Castle County, No. 292, Civil Action, 1949.

CAREY, J.:

The action is one in negligence, the plaintiff claiming to have been injured by falling over a piece of wire lying on defendant's premises. The defendant took plaintiff's oral deposition, counsel waiving both the reading and signing thereof. At least three times during the taking of the deposition, plaintiff definitely and clearly stated that the wire over which he tripped was on a step or platform leading out of defendant's store. This statement was in direct contrast to an allegation in his complaint to the effect that the wire was on the sidewalk adjoining the store.

Some three months later, the plaintiff filed the present motion asking that the deposition be reopened to permit him to change his answers by stating that the wire was on the sidewalk. He does not allege any mistake on the part of the reporter in taking the testimony, nor does he present any excuse for having given incorrect statements. He simply says that they are not in conformity with his present recollection. His counsel explained the delay in filing this motion by the fact that the plaintiff went to Florida shortly after testifying and, the reading and signing having been waived, he did not realize his mistake until he returned and discussed the case with his attorney.

The situation closely resembles that in *DeSeversky v. Republic Aviation Corp.*, D. C., 2 F. D. R. 113, the principal difference being that in the *DeSeversky* case the reading was not waived and the alleged errors were discovered before signing. The sole purpose of such waiver is to avoid trouble and inconvenience. *In re Samuels*, 2 Cir., 213 F. 447. It should not be allowed to interfere with the true purposes of pretrial discovery. Any action otherwise permissible under the present motion will not be barred by the waiver.

■■ The *DeSeversky* case points out that *Fed. Rules Civ. Proc.* rule 30(e), 28 *U. S. C. A.*, contemplates an examination which is finished, except for errors and mistakes on immaterial matters. When a witness desires to directly contradict his previous answers on material matters, the examination is not "finished". The distinction is important because the cited rule includes no express right of further examination upon the basis of the changed answers, and, certainly, no such change as the one requested here ought to be permitted without opportunity for such further examination.

■ Both parties agree that the present application is addressed to the Court's discretion. Undoubtedly, the exercise of that discretion may be conditioned upon such terms as will prevent injustice to either party.

■■ The testimony which plaintiff desires to alter is regarded by both parties as having a significant bearing upon the trial. An important function of the deposition is to enable the defendant to learn the facts plaintiff proposes to prove in Court. This purpose can better be carried out, in my opinion, by reopening the deposition than by waiting until the trial itself. The plan suggested in the *DeSeversky* case seems a feasible and practicable way to handle the situation and works no injustice to either party. The original answers must, of course, remain in the record. 4 *Moore's Federal Practice* Sec. 30, 20. Moreover, defendant must have the opportunity to examine the plaintiff further in the light of the new answers. If any unforeseen difficulty should arise during the taking of the further testimony, the parties may come back to the Court under Rule 30 for any proper relief.

It will be so ordered.