Manuel TURCHAN and Curtis Walker,
Plaintiffs,

v.

BAILEY METER COMPANY, Defendant.

Civ. A. No. 1703.

United States District Court
D. Delaware.

Nov. 14, 1957.

See also 19 F.R.D. 201.

Hugh M. Morris and Andrew B. Kirkpatrick, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., for plain-

tiffs. Thomas S. Donnelly, Detroit, Mich., of counsel.

C. Waggaman Berl, Jr. (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

LAYTON, District Judge.

Not having been present at the examination, I am in no position to say whether the witness replied "yes" or "no". Nor does a careful reading of the transcript disclose to me that "yes" was the only sensible answer that the witness could have made under the circumstances. Thus, I have no alternative but to treat this application as one to change an answer on a material point. While the facts are different, the rule laid down by Judge Inch in De Seversky v. Republic Aviation Corporation, D.C. N.Y., 2 F.R.D. 113, 115, is controlling. There it was said in part:

"Rule 30, Subdivision (e), contemplates a finished examination, an examination that is concededly finished except for certain errors and mistakes on immaterial matters. Such examination should not be considered finished if a witness seeks to recant his testimony or feels that to be 'truthful' he must directly contradict the answers already given by him on most material points. To do otherwise is not only to create delay but make complex procedure which the very purpose of the Rule is to avoid."

See also Colin v. Thompson, D.C., 16 F.R.D. 194, and particularly Downing v. Gasser, 8 Terry 273, 47 Del. 273, 90 A.2d 651, 652 [2] where it was said:

"The De Seversky case points out that Fed.Rules Civ.Proc. rule 30(e), 28 U.S.C.A., contemplates an examination which is finished, except for errors and mistakes on immaterial matters. When a witness desires to directly contradict his previous answers on material matters, the examination is not 'finished'. The distinction is important because the cited rule includes no express right of further examination upon the basis of the changed answers, and, certainly, no such change as the one requested here ought to be permitted without opportunity for such further examination.

\*     \*     \*     \*     \*

" \*  \*  \* The original answers must, of course, remain in the record. 4 Moore's Federal Practice Sec. 30, 20. Moreover, defendant must have the opportunity to examine the plaintiff further in the light of the new answers. If any unforeseen difficulty should arise during the taking of the further testimony, the parties may come back to the Court under Rule 30 for any proper relief."

The defendant's motion to amend or to suppress will be denied leaving it to defendant by appropriate action under the discovery rules to reopen the deposition and correct or otherwise explain the controverted answer.

---

2.   Rule 30(e) of the Delaware Superior Court Rules Del.C.Ann., is identical with the Federal Rule.