**James E. LOVELAND, Pro Ami, Plaintiff-Respondent,**

v.

**Alfred ROWLAND, Defendant-Appellant.**

No. 49051.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

Robert B. Olsen, Douglas Stripp, Kansas City, for defendant-appellant, Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

Michael F. Mahoney, James L. Basgall, Kansas City, for plaintiff-respondent.

HYDE, Judge.

Action for $30,000.00 damages for personal injuries. After a verdict for defendant, the court sustained plaintiff's motion for new trial and defendant has appealed. Plaintiff has filed a motion to dismiss the appeal claiming defendant's brief fails to comply with Rule 83.05(c), V.A. M.R. but we find defendant's brief sufficient to warrant a decision on the merits and this motion is overruled.

Plaintiff was struck by defendant's car when he rode his bicycle into Harrison Street in Kansas City from a driveway. The case was submitted on primary negligence in failing to keep a lookout and on humanitarian negligence in failing to stop or slow the car. Defendant does not contend that plaintiff failed to make a jury case so it will not be necessary to make a detailed statement of facts. The order granting a new trial stated two grounds, as follows:

"(1) The Court erred in giving Instruction No. 4 on behalf of the defendant;

"(2) The Court erred in admitting into evidence the changes made in defendant's deposition and the reason for the changes. because the defendant did not comply with the statutes and the Supreme Court rule in making said changes."

Instruction 4 submitted contributory negligence but plaintiff has not briefed this ground and so has abandoned it. Instead plaintiff claims error in giving Instruction 2, stated to be a converse humanitarian instruction. However, because of the view we have as to the second ground on which the court granted a new trial, it is not necessary to rule plaintiff's contentions concerning this instruction but defendant may consider them in preparing instructions. if another trial is required.

Relevant facts are that defendant was driving 15 to 20 miles per hour north on Harrison Street (30 feet wide) when plaintiff (then 7 years old) came out of a driveway on the east side of the street, on his bicycle and was struck by front of defendant's car. The principal disputed facts are whether plaintiff came out of the first driveway 62 feet north of the north curb of the intersection of Pacific Street with Harrison Street or whether he came out of the second driveway 84 feet north (measurements to the south edge of each

driveway); and the number and location of cars parked on the east side of Harrison Street north of the intersection. According to plaintiff's evidence, there was only one parked car with its rear end two or three feet north of the north edge of Pacific Street. According to defendant's evidence there were two parked cars, one with its front end about two feet south of the first driveway north of the intersection and another immediately behind it. Also according to defendant's evidence, there was another car parked between the first and second driveways with its rear end extending over the north part of the first driveway. Plaintiff said he saw defendant's car in the intersection. He said it was stopped and "thought it would stay stopped and wait for me to cross." He later said he "meant that it was moving slow"; but he did not look again and the two times he saw it was when it was in the intersection and when it hit him.

As to the second ground stated for granting a new trial, the court's order was made more than 30 days after entry of judgment (see Rule 75.01) so the court was limited to action on grounds stated in plaintiff's motion for new trial, as defendant contends. See also Rule 79.03. Plaintiff's motion for new trial alleges admission of incompetent evidence and then makes a lengthy statement of facts concerning the admission of changes made in defendant's deposition, saying the deposition was taken April 29, 1960, filed in court May 1960 duly acknowledged by the reporter; that the changes received in evidence were made March 17, 1961; that changes of single answers consisted of paragraphs; and that only a part of the changes and reasons were in defendant's language and contained language admittedly not that of defendant. While this statement in the motion for new trial did not specifically state the ground stated by the trial court in granting the new trial, we consider that the facts stated do show such a claim.

The way this matter came up in the trial was that plaintiff's counsel started to read parts of defendant's deposition as admissions against interest in putting on plaintiff's case. Defendant's counsel objected to the reading of these answers without reading the later changes and reasons made by defendant. Plaintiff's counsel, who had been reading from his own copy, said he had never been notified of any changes. (These had been made about a month before the trial.) This was considered in chambers and the Judge stated his view that it appeared the changes were made after the deposition had been signed. Defendant's counsel claimed the notary's certificate showing that the deposition had been signed before it was filed in May 1960 was incorrect and that defendant actually signed it after the corrections were made on March 17, 1961, and offered to bring the reporter "and clear up this matter." This was not done and no offer of proof about it was made. Rule 57.22 was shown to the court and plaintiff's counsel pointed out that some changes had been made in the deposition in ink, followed by defendant's initials without any reason stated. The court permitted plaintiff's counsel to read the original answers and defendant's counsel to read the changes and reasons. See Binion v. Armentrout, Mo.Sup., 333 S.W.2d 87, 92. The most material changes concerned the location of cars parked in the street, the distance plaintiff was from the center of the street when defendant first saw him, and defendant's estimate of stopping distance.

Before the changes and reasons were read, plaintiff's counsel made the following objection: "[T]hose aren't even proper changes, made a year after the deposition was taken. I was never notified of them. I am objecting strenuously to his reading those unless he sets out when they were made and recites it in full. Unless he gives the date they were made and sets out everything in there, I don't think they are proper." Plaintiff says he meant that the jury should have been "told that the changes were made after the deposition was signed, and that no notice was given to the

plaintiff of these changes." Thereafter, plaintiff further objected as follows: "Plaintiff objects to reading any corrections because the change was made a year after the deposition was taken and about a year after it was signed." Although plaintiff did not specifically base his objection on violation of Rule 57.22, we consider the facts stated by him show that this was his claim. At least, the trial court properly could consider it as defectively raised and under the provisions of Rule 79.04 grant a new trial on that ground for the reasons hereinafter stated.

Rule 57.21 requires a witness whose deposition is taken to be sworn by the officer before whom the deposition is taken. Rule 57.22 provides in part as follows: "Any changes in form or substance which the witness desires to make *shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them;* provided, however, that the answers or responses as originally given, together with the changes made and reasons given therefor, shall be considered as a part of the deposition. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing * * *." (Emphasis ours)

■■■ The emphasized part of this rule clearly means that any changes shall be entered on the deposition by the officer before whom the deposition was taken and not by the witness, his lawyer or anyone else. It also means that the statement of reasons for making changes shall be given to the officer by the witness and not by anyone else. In short, the changes and reasons must be those of the witness and not a lawyer's statement of facts and argument for the view most favorable to his case. Undoubtedly, the reason for having the witness sign the deposition after the officer has entered the changes and reasons is so the witness will sign and swear to the completed deposition, with the changes entered on it, as required by Rule 57.23. Of course, changes and reasons could be on

separate pages inserted in the deposition or placed in it by any reasonable method which would make them a part of the deposition signed and sworn to by the witness. As provided in Rule 57.22, signatures may be waived by agreement of the parties or the officer's certificate substituted therefor in certain circumstances stated and in such situations insertion of changes might also require agreement. Rule 57.22 is substantially the same as Federal Rule 30(e), 28 U.S.C.A. but to be sure that other parties would be protected, we made our rule more specific than the federal rule by providing "that the answers or responses as originally given, together with the changes made and reasons given therefor, shall be considered as a part of the deposition." Thus the opposing party is given the benefit of the original answers. See Capra v. Phillips Investment Co., Mo.Sup., 302 S.W.2d 924, 933.

■■■ Rule 57.22 should not be considered to be an invitation to rewrite depositions on afterthoughts. It is intended to afford an opportunity to correct errors of the reporter in transcribing and also to permit a witness, who decides he gave a wrong answer, to have it corrected. If an answer is changed, the adequacy of the reasons stated and the determination of the truth of conflicting statements will be for the trier of the facts. Cases under the federal rule have held that "examination should not be considered finished if a witness seeks to recant his testimony or feels that to be 'truthful' he must directly contradict the answers already given by him on most material points." De Seversky v. Republic Aviation Corporation, D.C., 2 F.R.D. 113. In that case, the court required the witness after making such a change to appear for further examination saying "defendant then is entitled to examine him in the light of such answers to the same extent that they would have examined him had his new answers been first given." This procedure was followed in Colin v. Thompson, D.C., 16 F.R.D. 194; Turchan v. Bailey Meter Co., D.C., 21

F.R.D. 232; and Downing v. Gasser, 8 Terry 273, 47 Del. 273, 90 A.2d 651; see also 2A Barron and Holtzoff, Federal Practice and Procedure 261, Sec. 718; 4 Moore's Federal Practice 2053, Sec. 30.20. In the Colin case, changes made out of the presence of the notary were held invalid and the proper procedure thus stated: "[H]e must appear before the notary and request such changes in the 'form or substance' of his answers as he desires made and must state his reasons for the changes. Whether his reasons are good or not will not impair his right to make the changes, if made in the way stated in Rule 30(e), but if those changes, when made, destroy the usefulness of the deposition (as those heretofore improperly made do), then the deposition will not have been finalized, and the plaintiff will be subject to further examination." Since the other party has this right of further examination after such changes, it would be preferable for the notary to give notice to the other party of the time the witness will appear before the officer to request the changes so that he may be present, if he desires, to examine the witness concerning them. Material changes without such opportunity certainly would be unfair to the opposing party.

■ Because the record herein did not clearly show the situation, we ordered the original deposition sent here. This shows obvious failure to comply with Rule 57.22. Nineteen changes, dated March 17, 1961, which with reasons cover four typewritten pages, single spaced, are stapled to the front cover of the deposition. They are addressed to "Circuit Clerk, Jackson County Courthouse", and contain this direction: "The following changes should be noted in the deposition of Alfred C. Rowland, taken April 29, 1960." They are not signed by defendant nor by the notary before whom the deposition was taken but a partially illegible signature appears at the end of the fourth page under the typewritten name of a Reporting Company. There are also a few short statements

written in ink in several places in the deposition, apparently by defendant because followed by his initials. Defendant's signature appears on the last page of the deposition, which is not dated, and the place for the notary to show that it was subscribed and sworn to is left blank. However, the notary's certificate, dated May 13, 1960, does say defendant "subscribed to the same"; and the deposition was filed May 23, 1960. Under these circumstances, the changes and reasons were not admissible in evidence (see Tuttle v. Tomasino, Mo.Sup., 336 S.W.2d 683, 690, and cases cited) and the court in admitting them stated his opinion that "it is an injustice to the other side to do it." We agree and hold that he was justified in granting a new trial on the second ground stated in his order.

The order granting a new trial is affirmed and cause remanded.

All concur.