ACCEPTED
15-24-00114-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/24/2025 8:31 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00114-CV

_____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/24/2025 8:31:23 PM
CHRISTOPHER A. PRINE
Clerk

In the Fifteenth Court of Appeals
Austin, Texas

_____

CECILE E. YOUNG,
in her official capacity as Executive Commissioner of
Texas Health & Human Services Commission, et al.,

Appellant,

v.

COOK CHILDREN'S HEALTH PLAN,
TEXAS CHILDREN'S HEALTH PLAN, SUPERIOR HEALTH PLAN INC.,
and WELLPOINT INSURANCE COMPANY,

Appellees.

_____

# Reply of Wellpoint Insurance Company
# In Support of Motion for Injunctive Relief

_____

Michelle Y. Ku
Texas Bar No. 24071452
mku@foley.com
Stacy R. Obenhaus
Texas Bar No. 15161570
sobenhaus@foley.com
Foley & Lardner LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Tel:   214.999.3000
Fax:  214.999.4667

Robert F. Johnson III
Texas Bar No. 10786400
rjohnson@foley.com
Foley & Lardner LLP
600 Congress, Suite 3000
Austin, Texas 78701
Tel:   512.542.7000
Fax:  512.542.7100

Counsel for
WellPoint Insurance Company

# Argument

## I. THIS COURT SHOULD ISSUE A WRIT OF INJUNCTION TO PROTECT ITS JURISDICTION.

### A. Proceeding with the procurements may moot at least half of this appeal.

The Commissioner appeals from two rulings in a single order: denying a plea to the jurisdiction and issuing a temporary injunction. In its mootness arguments, Molina fails to acknowledge the appeal of the injunction, instead focusing only on the merits of the ultra vires case below. If the trial court's temporary injunction is not continued for the duration of this appeal, then the Commissioner could move forward with awarding, executing and implementing new contracts. With each such act the Commissioner takes, the Commissioner's appeal of that portion of the temporary injunction could become moot, thereby jeopardizing this Court's jurisdiction over it. Molina's flawed mootness arguments focus solely on the appeal of the order denying the Commissioner's plea to the jurisdiction. Preserving this Court's appellate jurisdiction over the temporary injunction is alone ample reason to grant the requested relief.

### B. The Commissioner's silence confirms that a writ is proper.

The Commissioner does not address the question of whether this Court should *issue a writ of injunction* in order to protect its jurisdiction. Silence from the Commissioner on this point is telling and confirms that permitting

the procurement process to move forward, unhindered by a continuation of the trial court's temporary injunction, endangers this Court's jurisdiction over this appeal—and justifies a writ of injunction.

Why is that? Recall Wellpoint's prior warning: that if the trial court's temporary injunction is not continued for the duration of this appeal, the Commissioner would create new facts to further her plea to the jurisdiction—i.e., she would move forward with awarding, executing and implementing the Commissioner's intended award of new STAR and CHIP contracts—which is precisely what the Commissioner testified she would do (5 RR 180; 6 RR 168; 6 RR 147). The Commissioner will then argue that the entire case (and this appeal) is moot and that the ultra vires relief Wellpoint seeks in this lawsuit is now impermissible *retrospective* relief. *See* Wellpoint Motion 10 (citing *Wilson v. Cmty. Health Choice Tex., Inc.*, 607 S.W.3d 843, 848 (Tex. App.—Austin 2020, pet. denied)).

If that's correct, then maintaining the temporary injunction is critical to protecting this Court's appellate jurisdiction. Nowhere in her response does the Commissioner refute her intent to carry out that course of action. Rather, she strategically sidesteps this mootness issue altogether, because she wants to preserve her argument that, if and when new STAR and CHIP contracts are executed and officially awarded (which, will no doubt happen

quickly in the absence of an injunction), the relief Wellpoint seeks is barred as retrospective relief—and the lawsuit should therefore be dismissed.

The reason that the Commissioner cannot venture to assert a contrary position now is that doing so could implicate the Texas doctrine of judicial estoppel, which "prevents a party from assuming inconsistent positions in litigation." *See Perryman v. Spartan Tex. Six Cap. Partners Ltd.*, 546 S.W.3d 110, 117 (Tex. 2018). In short, if the *Commissioner* had argued what Molina argues in *its* response—that "there is no risk of mootness" because even if new STAR and CHIP contracts are awarded, executed, and implemented, Wellpoint will not "lose interest in the outcome of this litigation," Molina Response 13-16—and were this Court to adopt that argument, the doctrine of judicial estoppel could preclude the Commissioner from asserting mootness in the future. *See George Fleming & Fleming & Assocs. LLP v. Wilson*, 694 S.W.3d 186, 192 (Tex. 2024) (noting that the judicial estoppel doctrine can apply "if the successful representation arose . . . 'in another phase' of the same case").

To be sure—and as Molina suggests—one could argue that the lawsuit would *not* be moot in those circumstances. *See* Molina Response 14 (citing Children's Plans Motion 18). But absent a definitive answer—and there may not be one yet—this Court should not be misled: the Commissioner's silence

4

**confirms** that in the assessment of the Texas Office of Attorney General, the risk of mooting this appeal looms large if Wellpoint's requested injunction is denied. That silence shows that the Commissioner understands the threat of undermining that desirable outcome should she join in Molina's argument.

The jurisdictional jeopardy these circumstances pose, conceded by the Commissioner's silence here, merits a writ to protect this Court's jurisdiction over this appeal.

## C. Molina's reticence confirms that a writ is proper.

The propriety of a writ of injunction to protect appellate jurisdiction is underscored by Molina's failure to cite authority dispelling a mootness risk.

Although the plaintiffs bear the burden to prove the need for a writ (a burden they have satisfied), the Commissioner has a record of attempting to moot litigation regarding procurements and, in prior ultra vires litigation, has moved to dismiss claims as moot on the grounds that ultra vires relief must be prospective, not retrospective, and therefore cannot undo a signed managed care contract. Wellpoint Motion 10-11 (citing *Wilson*, 607 S.W.3d at 848, and noting the Commissioner's supplemental plea to the jurisdiction arguing mootness in these circumstances). Thus, a writ is essential to protect this Court's jurisdiction over the issues on appeal.

Notwithstanding the foregoing, Molina argues that were this Court to deny the requested injunction and allow the Commissioner to award and sign the contracts, performance of those contracts could continue for six to twelve years, during which time the plaintiffs would supposedly retain "a concrete interest, however small, in the outcome of the litigation" such that this appeal and the underlying claims could continue to move forward. Molina Response 15. Yet Molina cites no authority affirming that the trial court may properly grant relief in that circumstance by cancelling executed contracts—and the Commissioner has previously argued the opposite. At the very least, Molina fails to discuss case law Wellpoint cites that such relief is likely unavailable. Wellpoint Motion 9 (citing *City of Austin v. Utility Assocs.*, 517 S.W.3d 300 (Tex. App.—Austin 2017, pet. denied) and *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726 (Tex. App.—Austin 2014, pet. dism'd)).

And contrary to what Molina suggests, Wellpoint certainly *does* argue that it could well lose its interest in the outcome of this lawsuit should the Commissioner be permitted to move forward with the new STAR and CHIP contracts. Wellpoint Motion 11. It's just that Molina transmogrifies that straightforward argument and suggests that the *plaintiffs* are confusing mootness with the merits. Molina Response 15-16. That rejoinder certainly comes out of left field, as it seems much more related to the arguments

regarding Rule 29.3 relief—including likelihood of success on the merits. Molina Response 16-21; Comm'r Response 16-25. The rejoinder has little to do with the standard for issuing the writ to protect appellate jurisdiction: whether the Commissioner's actions absent the requested injunction could "prevent the effective operation of any judgment this court might render." *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd), *cited in In re Tex. Educ. Agency*, 619 S.W.3d 679 (Tex. 2021)).

Indeed, neither Molina nor the Commissioner have agreed to withhold contract signatures or waive the mootness argument that would likely follow. All that remains of Molina's argument is a straw man: that the plaintiffs, in warning this Court that the Commissioner may seek to preclude the courts from granting effective relief, are "confusing mootness with the merits." *See* Molina Response 15. But issues about effective relief transcend the merits; whether a trial court can grant effective relief bears directly on maintenance of appellate jurisdiction—as shown by authority Molina cites. *Madison*, 42 S.W.2d at 86 ("If this court should hold . . . that the district court erred in refusing to grant the temporary writ of injunction, and should reverse the case with instruction to the judge of the district court to grant the temporary writ, there would be nothing in such an event on which such judgment could operate, and the judgment of this court would be a nullity.").

"Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (cite omitted). Wellpoint's arguments about the availability of relief—and the Commissioner's history of attempting to moot such relief—go directly to the issue of mootness and the effective maintenance of this Court's jurisdiction.

## D. Molina's argument confirms that a writ is proper.

Molina makes the case for potential mootness when it argues that the plaintiffs, to the extent they lost their bids, have "no legally enforceable rights against the award of the contract to a competitor." Molina Response 16. It's avoiding that situation that requires injunctive relief: if the Commissioner awards and signs contracts based on this procurement, Molina asserts the courts cannot undo that act, because there is no judicial review of it. Molina Response 17 n.17. At that point, assuming as Molina does that the trial court can grant no effective relief, this appeal could be moot.

Molina's reliance on *Texas Highway Commission v. El Paso Building & Construction Trades Council*, 234 S.W.2d 857 (Tex. 1950), is misplaced and does not help its argument. The government in that case had unfettered discretion to set wage rates, but as the Supreme Court of Texas has since explained in *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d

8

154 (Tex. 2016): "Only when such absolute discretion—free decision-making without any constraints—is granted are *ultra vires* suits absolutely barred. And, as a general rule, 'a public officer has no discretion or authority to misinterpret the law.'" *Id.* at 163. Molina's argument is an implicit merits argument—i.e., that because no statute authorizes review here, the plaintiffs have no recourse because they have no valid ultra vires claim, either. But until the parties brief that merits issue, this Court should issue a writ to protect its ability to address that issue.

## E. This Court has authority to issue a writ of injunction.

This Court can make quick work of Molina's argument questioning whether appellate courts have *inherent* authority to issue writs to protect appellate jurisdiction. Molina Response 21-23. The Texas Constitution and statutes grant this Court such authority, as Molina concedes, so whether the authority is also inherent doesn't matter. Molina Response 13. Wellpoint does not seek the writ of injunction to prevent harm to the parties; it seeks the writ to protect this Court's ability to issue effective relief in this appeal.

## II. THIS COURT MAY TREAT THIS MOTION AS A PETITION FOR WRIT OF INJUNCTION.

Neither Molina nor the Commissioner question: (a) this Court's power to issue such a writ of injunction to protect its jurisdiction, (b) Wellpoint's framing of the subject matter of this appeal, or (c) this Court's power, should

9

it believe that a writ is proper, to treat Wellpoint's motion as a petition for a writ of injunction. Wellpoint Motion 8-11; Molina Response 13-16.

## III. THE LAWSUIT IS RIPE.

## A. Molina's argument confirms a real controversy exists.

The Uniform Declaratory Judgments Act entitles a party to seek "relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and the Act "is to be liberally construed and administered." Tex. Civ. Prac. & Rem. Code § 37.002(b). Molina concedes that there is presently "uncertainty and insecurity with respect to . . . legal relations." Molina admits that the Commissioner presently disagrees with Wellpoint's claims and presently contends that she has complied with the pertinent statutes. Molina Response 25-26. That's not a hypothetical dispute, and it constitutes present "uncertainty and insecurity" as to whether the Commissioner will comply.

The right to declaratory relief does not kick in only after a wrong has caused injury. The statute expresses this principle as to contract disputes: "A contract may be construed either before or after there has been a breach." *Id.* § 37.004(b). So as to ripeness in that context, the fact that the parties to the contract dispute continued performance is not controlling.

Case law expresses this principle in other disputes. Specifically, "there must exist *a real and substantial controversy* involving *genuine conflict of tangible interests* and not merely a theoretical dispute." *Bonham State Bank*

*v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (emphasis added). Lawsuits for declaratory relief "are often brought with an eye to future harm." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020). Indeed, relief under the Act is deemed proper "when a real controversy has arisen and even before the wrong has actually been committed." *Cobb v. Harrington*, 190 S.W.2d 709, 713 (Tex. 1945). The Commissioner's notice of intent to award contracts after having scored the bids, the denial of plaintiffs' protests of the awards, and the stalled protest appeals constitute "a real and substantial controversy involving a genuine conflict of tangible interests." It is no longer theoretical.

## B.   It's immaterial that administrative appeals are pending.

The lack of a *final* determination of the parties' administrative protest appeals is immaterial. To begin with, the *Commissioner* stayed those appeal decisions pending this lawsuit. Moreover, sitting on those appeals during the lawsuit does not dispel the reality of the controversy but rather confirms it. In *Lynch*, the controversy over the easements continued to be ripe even after the defendant had dismissed its trespass counterclaims—as the court noted: "Here, a real and substantial controversy exists . . . . SWEPCO asserted counterclaims of trespass and breach of contract . . . . *While SWEPCO later nonsuited these counterclaims, the counterclaims underscore that a controversy exists* . . . ." 595 S.W.3d at 685–86 (emphasis added).

11

The Texas Uniform Declaratory Judgments Act works to determine the parties' rights "when a controversy has arisen but *before a wrong has been committed*, and is preventative in nature." *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (emphasis added). As a result, one seeking declaratory relief "need not have incurred actual injury." *Bexar Metropolitan Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004, pet. denied); *In re City of Dallas*, 977 S.W.2d 798, 804 (Tex. App.—Fort Worth 1998, no pet.) ("Actual injury or harm is not a prerequisite."). So the "plaintiffs have no injury yet" arguments don't hold water.

## C.   The scope of the remedy is not at issue.

The Commissioner questions whether Wellpoint has a valid remedy. Comm'r Response 17-21. That's off the mark for two reasons.

First, a claim may be ripe despite questions as to the availability of the remedies sought. Thus, in *Hensley v. State Commission on Judicial Conduct*, 717 S.W.3d 106 (Tex. App.—Austin 2025, no pet. h.), the court of appeals held that the plaintiff's claim against the Commission for violating the Texas Religious Freedom Restoration Act was ripe, despite questions regarding the scope of the remedy. The court said: "The Commission's argument that the remedy of a particular form of injunctive relief is not available to Hensley under the TRFRA does not render her TRFRA claim unripe." *Id*. at 112.

Second, Wellpoint requests no "redo" remedy. It seeks declaratory and "prospective injunctive relief, as measured from the date of injunction." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009). The trial court must declare the Commissioner's obligations to follow the relevant statutes *in the future* and order the Commissioner to follow the statutes *in the future*. The injunction would bar the Commissioner from signing contracts *in the future* for this procurement based on the Commissioner's past and ongoing ultra vires actions. Even if the Commissioner is pen-in-hand, ready to sign, signing the contracts is still *in the future*.

And if the injunction simply enjoins future ultra vires action but says nothing about the STAR and CHIP procurement and the pending STAR Kids procurement, whether the Commissioner must redo any procurement is a question answered by Texas law. If Texas *statutes* compel the Commissioner to redo any procurement or procurement-related act, the Commissioner is acting under a statutory duty rather than a court judgment (a judgment that would simply order the Commissioner to comply with the statutes, whether she decides to continue with the procurement process or to start over).

## IV. No Exhaustion Requirement Precludes Justiciability.

### A. The Commissioner was not granted exclusive jurisdiction to determine whether she's acting ultra vires.

Molina suggests that jurisdiction over Wellpoint's complaints "remains exclusively with the agency" and "there's no loophole for ultra vires claims." Molina Response 28-31. Because Molina surely does not mean to say that the Commissioner has exclusive jurisdiction to decide whether she's acting ultra vires, this is another disguised merits argument—i.e., Wellpoint has no valid ultra vires claim to begin with; only the Commissioner may decide the claims asserted (because only she has power to "procure[] . . . contracts necessary to implement" the STAR and CHIP programs). Molina Response 28.

To be sure, in its protests filed with the Commissioner, Wellpoint has raised many ultra vires issues that Wellpoint pleads in its petition. That's no concession that she has exclusive jurisdiction over those matters; it's just a concession that she has power to change her mind and start acting within the scope of her statutory discretion if she so chooses.

### B. Ultra vires claims do not require exhaustion of administrative remedies.

Neither the Commissioner nor Molina cites Texas case law requiring exhaustion of administrative remedies to bring an ultra vires claim – because there is none. Unlike the APA cases upon which the defendants rely, a claim that the Commissioner has acted ultra vires in the procurement of managed

14

care services is not an appeal of a final administrative act or decision. It is a cause of action to prevent the government official from acting without or beyond legal authority. It would be against public policy to require that a rogue state official be allowed to complete a series of ultra vires acts before a claim for prospective injunctive relief could be brought. The attempts by the Commissioner and Molina to confuse administrative appeals with ultra vires claims is contrary to Texas jurisprudence and public policy.

## C. Even if required, Wellpoint sufficiently exhausted administrative remedies.

Before Wellpoint submitted its bid proposal under the procurement, Wellpoint's specifications protest raised its concerns about the legality of the procurement's framework and the contract awards that could result from it (8 RR 70-72). Among the concerns raised was that the Commissioner could not award contracts for STAR and CHIP services using the same selection basis for both, but the Commissioner's request for proposals confirmed she would do just that, without statutory authority (P. Exs. 38, 44).

After the Commissioner denied Wellpoint's specifications protest as premature, the Commissioner conducted the procurement and scored the bids; when Wellpoint protested the intended award of contracts, that protest was denied (5 RR 111-19; 8 RR 70-84; P. Ex. 160). In its petition in this lawsuit, Wellpoint seeks declaratory relief as to the Commissioner's past and

15

ongoing ultra vires acts (CR 4270-76 [¶¶ 113-18]). Wellpoint thus pursued every administrative option under the procurement rules. There is nothing more for Wellpoint to do. It is only the Commissioner that has not completed the administrative process.

Indeed, a contrary conclusion would plainly smack of bad faith given the Commissioner's denial of Wellpoint's specifications protest as premature because Wellpoint could not yet demonstrate harm from the Commissioner's conducting an illegal procurement and awarding contracts resulting from it (5 RR 111-19; 8 RR 70-84; P. Exs. 44, 46, 95, 160). And the Commissioner's testimony belies the reality behind the speculation that the Commissioner might administratively go in Wellpoint's favor should no injunction issue. Neither the Commissioner nor Molina can point to anything in the record refuting the Commissioner's stated intent—absent a court order requiring compliance with the law—to deny plaintiffs' outstanding protests and move forward with awarding, executing and implementing the intended award of new STAR and CHIP contracts (5 RR 180; 6 RR 168; 6 RR 147).

In short, Wellpoint exhausted administrative remedies. Wellpoint filed protests before and after the proposals were submitted and scored. All were denied. So even were Wellpoint required to exhaust administrative remedies, Wellpoint's pursuit of declaratory, mandamus, and prospective injunctive

16

relief necessitates temporary relief by this Court to maintain the status quo and to protect this Court's jurisdiction

## V.   WELLPOINT ADOPTS THE OTHER PLAINTIFFS' ARGUMENTS.

To the extent consistent herewith, Wellpoint adopts the arguments in the reply briefs of Superior HealthPlan, Inc., Cook Children's Health Plan, and Texas Children's Health Plan, filed in support of their motions for relief under Rule 29.3. *See* Tex. R. App. P. 9.7.

Respectfully submitted,

*/s/ Michelle Y. Ku*

| | |
|---|---|
| Michelle Y. Ku | Robert F. Johnson III |
| Texas Bar No. 24071452 | Texas Bar No. 10786400 |
| mku@foley.com | rjohnson@foley.com |
| Stacy R. Obenhaus | Foley & Lardner LLP |
| Texas Bar No. 15161570 | 600 Congress, Suite 3000 |
| sobenhaus@foley.com | Austin, Texas 78701 |
| Foley & Lardner LLP | Tel:   512.542.7000 |
| 2021 McKinney, Suite 1600 | Fax:   512.542.7100 |
| Dallas, Texas 75201 | |
| Tel:   214.999.3000 | Counsel for |
| Fax:   214.999.4667 | WellPoint Insurance Company |

Of counsel:
Benjamin J. Grossman
Florida Bar No. 92426
bjgrossman@foley.com
106 E. College Ave., Suite 900
Tallahassee, Florida 32301
Tel:   850.222.6100
Fax:   850.561.6475

# Certificate of Service

I certify that a copy of this document was served September 24, 2025, by delivery to all registered counsel upon filing this document through the electronic filing manager using counsel's electronic filing service provider, pursuant to Texas Rule of Appellate Procedure 9.5.

*/s/ Michelle Y. Ku*
Michelle Y. Ku

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Johnson on behalf of Robert Johnson
Bar No. 10786400
rjohnson@foley.com
Envelope ID: 106051454
Filing Code Description: Other Document
Filing Description: Wellpoint's Reply In Support of Motion for Injunctive Relief
Status as of 9/25/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 9/24/2025 8:31:23 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Amanda DoddsPrice | | amanda.price@squirepb.com | 9/24/2025 8:31:23 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| Mandy Patterson | | mpatterson@adjtlaw.com | 9/24/2025 8:31:23 PM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 9/24/2025 8:31:23 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 9/24/2025 8:31:23 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| David Johns | | david@cobbjohns.com | 9/24/2025 8:31:23 PM | SENT |
| Jessie Johnson | | jessie.johnson@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Stacey Jett | | sjett@adjltaw.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Cook Children's Health Plan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Karen Burgess | 796276 | kburgess@burgesslawpc.com | 9/24/2025 8:31:23 PM | SENT |
| Anna Baker | 791362 | abaker@adjtlaw.com | 9/24/2025 8:31:23 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 9/24/2025 8:31:23 PM | SENT |
| Juliana Bennington | | jbennington@perkinscoie.com | 9/24/2025 8:31:23 PM | SENT |
| Jonathan Hawley | | jhawley@perkinscoie.com | 9/24/2025 8:31:23 PM | ERROR |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Johnson on behalf of Robert Johnson
Bar No. 10786400
rjohnson@foley.com
Envelope ID: 106051454
Filing Code Description: Other Document
Filing Description: Wellpoint's Reply In Support of Motion for Injunctive Relief
Status as of 9/25/2025 7:05 AM CST

Associated Case Party: Cook Children's Health Plan

| | | | | |
|---|---|---|---|---|
| Jonathan Hawley | | jhawley@perkinscoie.com | 9/24/2025 8:31:23 PM | ERROR |
| Trisha Marino | | tmarino@perkinscoie.com | 9/24/2025 8:31:23 PM | SENT |
| Katie Dolan-Galaviz | | kgalaviz@burgesslawpc.com | 9/24/2025 8:31:23 PM | SENT |
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 9/24/2025 8:31:23 PM | SENT |
| Matthew Gordon | | mgordon@perkinscoie.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Texas Children's Health Plan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Emery | 24050564 | mark.emery@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Warren Huang | 796788 | warren.huang@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Paul Trahan | 24003075 | paul.trahan@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Susan Harris | 6876980 | susan.harris@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Thomas Coulter | 4885500 | tom.coulter@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Wellpoint Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Johnson | 10786400 | rjohnson@foley.com | 9/24/2025 8:31:23 PM | SENT |
| Michelle Ku | 24071452 | mku@foley.com | 9/24/2025 8:31:23 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 9/24/2025 8:31:23 PM | SENT |
| Stacey Obenhaus | | sobenhaus@foley.com | 9/24/2025 8:31:23 PM | SENT |
| Benjamin Grossman | | bjgrossman@foley.com | 9/24/2025 8:31:23 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Johnson on behalf of Robert Johnson
Bar No. 10786400
rjohnson@foley.com
Envelope ID: 106051454
Filing Code Description: Other Document
Filing Description: Wellpoint's Reply In Support of Motion for Injunctive Relief
Status as of 9/25/2025 7:05 AM CST

Associated Case Party: Superior Healthplan Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Richard Phillips | 24032833 | Rich.Phillips@hklaw.com | 9/24/2025 8:31:23 PM | SENT |
| J McCaig | 24070083 | meghan.mccaig@outlook.com | 9/24/2025 8:31:23 PM | SENT |
| Karen Walker | | karen.walker@hklaw.com | 9/24/2025 8:31:23 PM | SENT |
| Tiffany Roddenberry | | tiffany.roddenberry@hklaw.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Texas Health and Human Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Molina Healthcare of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Cheryl LaFond | 24104015 | clafond@scottdoug.com | 9/24/2025 8:31:23 PM | SENT |
| Jason R.LaFond | | jlafond@scottdoug.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Aetna Better Health of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Joseph Knight | 11601275 | jknight@ebbklaw.com | 9/24/2025 8:31:23 PM | SENT |

Associated Case Party: Cecile Erwin Young, Texas Health and Human Services

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Johnson on behalf of Robert Johnson
Bar No. 10786400
rjohnson@foley.com
Envelope ID: 106051454
Filing Code Description: Other Document
Filing Description: Wellpoint's Reply In Support of Motion for Injunctive Relief
Status as of 9/25/2025 7:05 AM CST

Associated Case Party: Cecile Erwin Young, Texas Health and Human Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cory Scanlon | 24104599 | cory.scanlon@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |
| Jeffrey Stephens | | jeff.stephens@oag.texas.gov | 9/24/2025 8:31:23 PM | SENT |